STATE OF INDIANA *v.* BAKER; SILVER.

[No. 30,213. Filed June 28, 1963.]

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Deputy Attorney General, for appellant.

*Milford M. Miller, W. C. Welborn* and *Ole J. Olsen,* all of Evansville, for appellees.

ACHOR, J.—This is an appeal from an order of the Vanderburgh Circuit Court sustaining appellees' motion to quash the amended affidavit. The State refused to plead further and, instead, filed its praecipe for this appeal. [The appeal was dismissed as to appellee Fred O. Baker for procedural reasons.] The material part of the affidavit was as follows:

"[T]hat FRED O. BAKER and SOL SILVER on or about the 1st day of April A.D., 1960, at said County and State as affiant verily believes did then and there unlawfully, knowingly and feloniously unite, combine, conspire, confederate and agree to and with each other, for the object and purpose and with the unlawful and felonious intent then and there feloniously and fraudulently to take, purloin, secrete and appropriate to their own use lawful and current money of the United States of America in the sum of Two Thousand Nine Hundred Thirty Dollars ($2,930.00), which the ANCHOR FINANCE CORPORATION, a corporation, owned and to the possession of which the said ANCHOR FINANCE CORPORATION was then and there entitled, and the said SOL SILVER being then and there President, agent, servant and employee of the ANCHOR FINANCE CORPORATION, a corporation, organized and doing business under the laws of the State of Indiana at Evansville, Indiana, and the said SOL SILVER, by virtue of his office and employment as President, agent, servant and employee, occupied a relationship of special trust to the said ANCHOR FINANCE CORPORATION, had access to the funds of said ANCHOR FINANCE CORPORATION then and there on deposit with the . . . Bank . . . , Evansville, Indiana, and had authority to sign and cash checks drawn on said ANCHOR FINANCE CORPORATION, a corporation."

Although, from an examination of the affidavit, it would appear that it may be sufficient to properly

charge the offense of conspiracy to commit a larceny, since both the state and the appellee have presented the case to us solely on the issue as to whether or not the affidavit alleged grounds sufficient to constitute a charge of conspiracy to commit *embezzlement*, we will adopt the theory upon which the case is presented to us, and consider it accordingly.

Appellee asserts, first, that the affidavit was defective for the reason that there is no direct and positive allegation that the particular $2,930.00 money, which he allegedly conspired to embezzle, came into Silver's control and possession and was held by him by virtue of his being president, agent, servant and employee of Anchor Finance Corporation. Nor is it alleged that the money came into his control and possession as a result of his access to the funds of the corporation in the bank, or the signing and cashing checks of the corporation drawn on the bank.

Such omission is fatal under the long line of Indiana cases, commencing with *Vinnedge* v. *State* (1906), 167 Ind. 415, 418, 419, 421, 79 N. E. 353. In that case this court stated:

"Construing the statute in question in the light of the common law, and keeping in mind the character of the offense of larceny, it becomes evident that, in denouncing the offense of embezzlement, it was the legislative intent to make the element of access, control, or possession such an access, control or possession as was obtained or had by virtue of the employment. . . .

"In *Colip* v. *State* (1899), 153 Ind. 584 [55 N. E. 739], 74 Am. St. 322, this court, in discussing the statute here involved, said: 'The access to, control, or possession of property of the servant or employe intended by the statute, is such access to, control, or possession as arises from the nature of the employment with reference

to the particular article of property feloniously appropriated. . . . ' This holding was followed in *State* v. *Winstandley* (1900), 155 Ind. 290 [53 N. E. 71], wherein it was indicated that the indictment there under consideration was properly quashed because of the omission to allege that the defendants had access to, control, or possession of the money appropriated by virtue of their employment. In *State* v. *Winstandley* (1900), 154 Ind. 443 [57 N. E. 109], the court quoted with apparent approval the following statement concerning the requirement of an indictment for embezzlement: '*It must be directly and positively alleged that the property came into the defendant's possession and was held by him by virtue of his being a servant, agent, bailee, trustee, or officer, as the case may be.*'

. . .

"As before indicated, the relationship contemplated by statute is one of special trust and confidence; a relationship in which there inheres, *either for the particular transaction or for all purposes,* a special right of access to, control, or possession of, the money, article, or thing of value which is appropriated. And so here, the charge that the defendant had control and possession of the money as an employe falls short of showing that there inhered in his employment the right to such control and possession. It is therefore our opinion that the court below erred in overruling the motion to quash." [Our italics.]

In *Wright* v. *State* (1907), 168 Ind. 643, 645, 81 N. E. 660, this court said:

"It was recently held by this Court that, in such a case as this, it is not sufficient to charge the offense merely in the language of the statute, but that an affidavit or indictment to be good must contain an averment that the accused obtained possession of the money or property *misappropriated* 'by virtue of such emploment.' . . . " [Our italics.]

This court has recently stated in *Loveless* v. *State* (1960), 240 Ind. 534, 539, 166 N. E. 2d 864:

"[A] defendant is entitled to be informed specifically of the crimes charged and not come to trial in the dark and uninformed as to the nature of the evidence to be presented against him. 1 Ewbanks Indiana Criminal Law, Symmes Ed. §384, p. 236; . . . "

We conclude, therefore, that the affidavit failed to state the charge of embezzlement with the certainty heretofore prescribed by the decisions of this court.

Furthermore, the affidavit failed to charge specifically what part, if any, either Baker or the appellee Silver was to have in the purposed embezzlement conspiracy. It failed to allege any particulars as to the method by which they conspired to consummate the embezzlement. In fact it does not disclose whether the purposed enbezzlement was to be committed jointly by the two alleged conspirators or whether it was to be committed by appellee Silver alone. To constitute a conspiracy there must be an intelligent and deliberate agreement involving a concert of action in a common purpose by two or more persons. *Scott* v. *State* (1958), 238 Ind. 667, 154 N. E. 2d 107; *Robertson* v. *State* (1952), 231 Ind. 368, 108 N. E. 2d 711. The affidavit does not contain these essential allegations.

A defendant is entitled to be apprised of the acts constituting the crime. *Bays* v. *State* (1959), 240 Ind. 37, 159 N. E. 2d 393. This court cannot indulge in any presumptions to aid the affidavit and any ambiguity or uncertainty in the language used cannot be supplemented by intendment, or by argument, or by implication. *Robinson* v. *State*

(1953), 232 Ind. 396, 112 N. E. 2d 861; *Compton* v. *State* (1929), 201 Ind. 535, 170 N. E. 325.

For the reasons above stated, judgment is affirmed.

Myers, C. J., Arterburn & Landis, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 191 N. E. 2d 499.