MIKE BICKEL *v.* STATE OF INDIANA

[No. 3-277A44. Filed May 8, 1978.]

*Robert L. Stephen,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *J. Roland Duvall,* Deputy Attorney General, for appellee.

STATON, J.—Mike Bickel was tried by jury and was convicted of conspiracy. Among numerous alleged errors[1] presented for our consideration on appeal, Bickel argues that the trial court erroneously denied

---

1. Because we reverse, it is unnecessary to discuss other errors. *Burk v. State* (1971), 257 Ind. 407, 275 N.E.2d 1; *Sharpe v. State* (1974), 161 Ind. App. 449, 316 N.E.2d 410.

his motion to dismiss the information for lack of specificity. The information under which Bickel was charged was clearly inadequate. We reverse.

The charging information stated:

"That on or about the 19th day of January, 1976, in St. Joseph County, in the State of Indiana, one MIKE BICKEL and Korde Edward Mortakis did unlawfully, knowingly and feloniously unite, combine, conspire, confederate and agree to and with each other for the object and purpose and with the unlawful and felonious intent to commit a felony, to-wit: robbery; contrary to the form of Statute in such cases made and provided and against the peace and dignity of the State of Indiana. The above acts were committed in violation of Burns Indiana Statutes, Section 10-1101, IC 35-1-111-1."

On February 4, 1976, (before arraignment) Bickel filed his motion to dismiss. A supporting memorandum filed at the same time explained that the information was so vague that it failed to apprise Bickel of the specific crime with which he was charged.

We perceive two particular deficiencies in the information. (1) It fails to set out Bickel's role in the conspiracy. *See State v. Baker* (1963), 244 Ind. 150, 191 N.E.2d 499. (2) It fails to describe the intended felony with the same certainty and particularity as an indictment for committing such felony. *Kelley v. State* (1936), 210 Ind. 380, 3 N.E.2d 65. Bickel's information did no more than name the intended felony, robbery, without naming any of the elements of robbery. Such an information is insufficient. *Lodyga and Mantych v. State* (1932), 203 Ind. 494, 179 N.E. 542; *Gennett v. State* (1925), 197 Ind. 105, 149 N.E. 894; *Williams v. State* (1919), 188 Ind. 283, 123 N.E. 209.

An accused has a right to require that any crime alleged against him be charged with sufficient certainty to enable him to anticipate the proof which would be adduced against him so he could meet it. *State v. Baker, supra; Large v. State* (1928), 200 Ind. 430, 164 N.E. 263; *Smith v. State* (1927), 199 Ind. 217, 156 N.E. 513; *Wilson v. State* (1975), 164 Ind. App. 665, 330 N.E.2d 356. Bickel was denied this right. His motion to dismiss the information should have been granted.

The judgment of the trial court is reversed.

Buchanan, C.J., (By designation), Concurs.

Hoffman, J., Concurs.

NOTE—Reported at 375 N.E.2d 274.