Ronnie Lee TITARA, Appellant,

v.

STATE of Indiana, Appellee.

No. 982S370.

Supreme Court of Indiana.

April 18, 1983.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Cynthia Sue Stanley, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Robbery, a Class A felony. He was sentenced to a forty (40) year term of imprisonment.

The record reveals a young man wearing a ski mask entered the Independent Food

Market in Indianapolis between 6:00 and 6:30 p.m. After announcing "this is a hold-up," he pushed the owner, Mr. Snell, toward the cash register in the front of the store. The robber pulled a handgun and fired at the floor. The bullet struck Mrs. Snell in the hip. The robber took Mrs. Snell's bracelet, Mr. Snell's wallet and ring and cash from the register. In the last moments of the robbery, a thirteen year old boy, Robert, entered the store. He was grabbed by the robber and forced to the floor. Before fleeing, the robber ordered Mr. Snell and another customer to get on the floor.

Although Mr. and Mrs. Snell gave descriptions, neither could identify appellant as the robber because of the ski mask worn during the offense. The customer gave a similar general description. He too was unable to make any further identification due to the ski mask. However, Robert identified appellant as the perpetrator of the offense immediately following its commission and at trial. Robert told the investigating officer appellant's alias and address. The characteristics identifying appellant included his voice, his general build and "his jittery manner." Robert had seen appellant on the street and in a local arcade fifteen to twenty times. He had spoken with appellant at the arcade. Robert was unequivocal in his identification of appellant as the robber.

Appellant first claims the evidence is insufficient to support the conviction. Citing discrepancies in the testimony of the witnesses, he argues the identification of him as the perpetrator of the offense is inadequate.

■ Under our standard of review, this Court will not weigh the evidence nor judge the credibility of witnesses. *Pinkston v. State,* (1982) Ind., 436 N.E.2d 306. The identification of a single witness is sufficient to support a conviction. *Houze v. State,* (1982) Ind., 441 N.E.2d 1369. Moreover, discrepancies in witnesses' testimony go to the weight of the evidence and credibility of witnesses which are matters we do not consider. *Wiles v. State,* (1982) Ind., 437 N.E.2d 35. The facts recited above sufficiently support the conviction of robbery.

■ Appellant claims the trial court erred by allowing a polygraph examiner to testify regarding the results of a polygraph examination administered to appellant and by failing to instruct the jury on the weight to be given to polygraph evidence. Appellant has waived these allegations for appellate review on three grounds. No objection to the admission of the evidence was made at trial. A timely objection at trial is required to preserve an issue for appeal. *Pinkston, supra.* Appellant did not tender any instruction regarding the polygraph evidence. Failure to tender written instructions precludes appellant's claim of incomplete or omitted instructions. *Law v. State,* (1980) Ind., 406 N.E.2d 1185. Neither allegation was included in appellant's motion to correct errors. Failure to raise the issues in his motion to correct errors constitutes waiver. *Dew v. State,* (1982) Ind., 439 N.E.2d 624.

■ Moreover, appellant, his defense counsel and the State entered into a written stipulation regarding the admissibility of the polygraph test results. Such results are inadmissible in a criminal prosecution absent a proper waiver or stipulation of the parties. When a stipulation has been made, the admissibility of the results is then subject to the trial courts discretion. *Dean v. State,* (1982) Ind., 433 N.E.2d 1172. The results were properly admitted in the case at bar.

■ Contrary to appellant's assertion, the court's failure to instruct the jury on the weight to be given to the polygraph results does not rise to the level of fundamental error. "To be categorized as fundamental error and thus to transcend our procedural requirements, the error must be blatant, and the potential for harm must be substantial and appear clearly and prospectively." *Lacy v. State,* (1982) Ind., 438 N.E.2d 968.

The trial court is in all things affirmed.

All Justices concur.