**Edjuan L. BROOKS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 82S00–9202–CR–123.

Supreme Court of Indiana.

Sept. 9, 1992.

**520**

Barry L. Standley, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

Appellant was convicted of Rape and Criminal Deviate Conduct. He also was found to be a habitual offender. He received a sentence of thirty (30) years enhanced by thirty (30) years on the rape charge and thirty (30) years on the criminal deviate conduct charge, the sentences to run concurrently.

We find it necessary to reverse this conviction on the sole assignment of error that the deputy prosecuting attorney commented during his final argument on appellant's failure to take the witness stand. During his statement to the jury, the deputy prosecutor remarked, "The defendant chose to exercise his Fifth Amendment rights which he has an absolute right to do. The only words that we have heard from the defendant throughout this trial...." At this point, the defense attorney objected to such a remark on the ground that it was a comment on his client's election not to testify. The objection not withstanding, the deputy prosecutor was permitted to continue in this vein.

In an attempt to justify the remark by the prosecuting attorney, the State has cited *Hopkins v. State* (1991), Ind., 582 N.E.2d 345 and *Martinez v. State* (1990), Ind., 549 N.E.2d 1026. However, in both of those cases, the prosecuting attorneys' remarks did not allude to the defendants' failure to take the witness stand. The prosecuting attorney's remarks in both of those cases were confined to the lack of any rebuttal of the State's witnesses. In each of those cases, this Court explained the difference between a direct comment on a defendant's failure to testify and the right of the prosecuting attorney to summarize the evidence pointing out that certain evidence was uncontradicted.

In the case at bar, the prosecuting attorney's comment is a direct reference to appellant's exercise of his constitutional right to refuse to testify. Under these circumstances, this case must be reversed. *Dooley v. State* (1979), 271 Ind. 404, 393 N.E.2d 154.

The trial court is reversed and this cause is remanded for a new trial.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.