**Jeremy R. RISNER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 46A03–9207–CR–201.**

Court of Appeals of Indiana, Third District.

Dec. 14, 1992.

Transfer Denied Feb. 1, 1993.

---

Charles R. Deets III, Daniel K. Houston, Heide Sandy Deets Kennedy Schrader & Antalis, Lafayette, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Jeremy R. Risner appeals the trial court's denial of his motion to continue his trial, made one day prior to the trial date.

The facts relevant to the appeal disclose that on August 26, 1991, Risner was charged by information with operating a motor vehicle while intoxicated causing death, a Class C felony. Also on August 26, Dale Allen entered his appearance on behalf of Risner. On September 3, 1991, the trial court set a trial date of January 14, 1992.

On December 26, 1991, counsel filed a motion to continue the trial based upon insufficient time within which to adequately prepare for a jury trial. The State filed its objection to the motion to continue on December 30, 1991. The trial court denied the motion for continuance after a hearing which was held on January 6, 1992.

On January 13, 1992, defense counsel Allen submitted a motion to withdraw his appearance. Also on that day, Charles Deets entered his appearance on behalf of Risner, together with Risner's motion for a

continuance. The trial court held a hearing on the motions on that day.

Risner testified that he discharged Allen because he did not believe Allen had adequately prepared his defense and could not adequately represent Risner the next day at his jury trial. Allen testified that he had learned of Risner's decision to discharge Allen on the Friday prior to Monday, January 13. Allen explained that he met with Risner at the Starke County Jail where Risner was imprisoned for a probation violation. Allen and Risner thoroughly discussed the State's evidence. Allen was then prepared to meet with Risner's witnesses at Risner's aunt's home. However, the meeting did not take place when Allen became aware that Risner did not want him to continue his representation of Risner.

The trial court granted Allen's request to withdraw. However, the court denied Risner's motion to continue the action submitted by defense counsel Deets. The case was tried without the intervention of a jury, on January 14, 1992. Risner was convicted as charged. On March 9, 1992, Risner was sentenced to an eight-year term of imprisonment. This appeal ensued.

As noted above, Risner alleges error in the trial court's decision denying his motion to continue his trial, made one day prior to the scheduled trial date. The decision whether to grant or deny a continuance is primarily a matter for the trial court. A decision to deny a motion for continuance will be reviewed only for an abuse of discretion. *Taylor v. State* (1987), Ind., 515 N.E.2d 1095, 1096. Allowing continuances in order to allow more time for preparation is generally disfavored in criminal cases and will only be granted in furtherance of justice. *Id.*

Here, Risner testified that he was aware that the trial court need not grant his motion for a continuance even though his new counsel would have less than two working days to prepare for the trial. Risner's previous request for a continuance which was denied, coupled with Risner's decision to discharge counsel without conveying his desire to counsel until the morn-

ing prior to trial, reveals a desire to circumvent the judicial process and the court's earlier ruling. Also, new counsel was informed by the State that it would vigorously object to a motion for continuance. Risner was given an opportunity to weigh the consequences of his course of action.

The parties to an action may not dictate the course of proceedings by attempting to manipulate the judicial process. The trial court did not abuse its discretion in denying Risner's motion for a continuance.

The trial court's judgment is affirmed. Affirmed.

STATON, J., and RATLIFF, Senior Judge, concur.