**Mitchell HILLIARD, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A03–9209–CR–268.

Court of Appeals of Indiana, Third District.

March 8, 1993.

Gregory L. Fumarolo, Fort Wayne, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Mitchell Hilliard, Jr. appeals his conviction for dealing in cocaine, a Class B felony.

Hilliard raises two issues for review:

(1) whether the evidence is sufficient to sustain Hilliard's conviction; and

(2) whether the State committed reversible error in using Hilliard's silence to impeach his trial testimony.

On August 30, 1991, Officers Cunegin and Barkley of the Fort Wayne Police Department were working an undercover narcotics investigation in the 2200 block of Chestnut Street. At approximately 10:00 P.M., the officers spotted Hilliard sitting in front of 2236 Chestnut Street. As they slowly drove by, Hilliard whistled at them to stop. Hilliard then approached the driver's side of the vehicle and asked, "What was up with them?" Officer Cunegin stated that they were "looking for a twenty." "Twenty" is a street term for a $20.00 rock of crack cocaine. Hilliard glanced up and down the street and then opened his right hand revealing several rocks of cocaine to the officers. The officers purchased one of the rocks from Hilliard.

As they drove away, Officer Barkley radioed to the other police officers in the area who were assisting that the buy had been completed and gave a description of Hilliard. The assisting police units drove to the address where the buy took place and Hilliard was found sitting on the front porch. The officers took a photograph of Hilliard and transported the photograph to a prearranged location where Officers Cunegin and Barkley were waiting to make an identification. They confirmed from the photograph that Hilliard was the man from whom they had bought the rock of cocaine for $20.00. Hilliard was arrested.

An information was filed charging Hilliard with Count I, dealing in cocaine, a Class B felony; and Count II, possession of cocaine, a Class D felony. A jury found Hilliard guilty of both counts. The court convicted and sentenced Hilliard on Count I, dealing in cocaine, and Count II, possession of cocaine, was merged into Count I. Hilliard now appeals his conviction.

■ Hilliard argues that the evidence identifying him as the perpetrator of the offense was insufficient to sustain his conviction. When reviewing a sufficiency claim, we look only to the probative evidence, and the inferences reasonably drawn therefrom, favoring the verdict to see whether there was evidence to support a finding of guilt beyond a reasonable doubt; we will not reweigh the evidence or judge the witnesses' credibility. *Everroad v. State* (1991), Ind., 571 N.E.2d 1240, 1244.

■ Officer Cunegin testified that during the drug transaction Hilliard was less than four inches from him and that the street lights in the area were lit. Hilliard was leaning on or inside the officers' car during the transaction. Cunegin identified the photograph of Hilliard, taken immediately after the transaction, as that of the man from whom the crack cocaine was purchased. Officer Barkley also identified the photograph of Hilliard. Hilliard merely requests us to reweigh the evidence, which we will not do. Any discrepancies in witness testimony were for the jury to resolve; ferreting out the truth when faced with conflicting evidence and arriving at a verdict are the jury's function, not ours on appeal. *See Mayhew v. State* (1989), Ind., 537 N.E.2d 1188, 1189–90. Although Hilliard's version of the events varies from that of the officers', the jury resolved any conflicts in the State's favor; we may not reweigh the evidence as Hilliard requests. The evidence was sufficient to support a finding beyond a reasonable doubt that Hilliard committed the crimes charged.

■ Hilliard also argues that his Fifth Amendment right to remain silent was violated by the prosecutor's remarks during closing arguments. During closing arguments, while making her rebuttal statement, the prosecutor made the following remark:

"Course you heard Mr. Cowen ask the officers too who initially detained Mitchell Hilliard, 'Did he say anything to you?' No. If he'd just been on a front porch and—wouldn't you be saying, 'It's not me,' saying something? He just stood there, kind of makes you wonder. But now today, it's August, he comes in here, tells us somebody must have borrowed his jacket. Who's got a reason to lie here?"

Hilliard failed to object to the prosecutor's comment at the time it was made; hence, the issue has been waived. *See Vann v. State* (1980), Ind.App., 407 N.E.2d 1165, 1169, *trans. denied.* A contemporaneous objection at trial is required as a prerequisite to appellate review of alleged instances of prosecutorial misconduct.

*Lopez v. State* (1988), Ind., 527 N.E.2d 1119, 1125;

*Gibbs v. State* (1985), Ind., 483 N.E.2d 1365, 1368.

■ Hilliard, however, claims that his trial counsel's failure to object to the comment, request that it be stricken from the record, and request for a curative instruction, amount to ineffective assistance of counsel. The standard to be applied when ineffective assistance of counsel is alleged is two-fold: First, the defendant must prove that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms; and, second, the defendant must prove that the substandard performance was so prejudicial he was deprived of a fair trial. *Burse v. State* (1987), Ind., 515 N.E.2d 1383, 1385 (citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674). Hilliard must present strong and compelling evidence to overcome the presumption that his counsel was competent. *Jones v. State* (1989), Ind., 544 N.E.2d 492, 494. Our scrutiny is deferential and should not be distorted by hindsight; isolated poor strategy, inexperience, or bad tactics do not imply ineffectiveness. *Burr v. State* (1986), Ind., 492 N.E.2d 306, 308.

■ If defense counsel's performance is found to be deficient, the next step is to determine if the defendant has been prejudiced. *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291, 1294. In making this determination, it is necessary to look to the totality of the evidence to ascertain whether, but for counsel's errors, there is a reasonable probability that the outcome would have been different. *Id.* A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Layton v. State* (1986), Ind., 499 N.E.2d 202, 205. Moreover, logic dictates that "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland,* 466 U.S. at 696, 104 S.Ct. at 2069, 80 L.Ed.2d at 699.

Even if we were to assume Hilliard's trial counsel's performance was deficient, Hilliard has failed to show how his defense was prejudiced. Hilliard's reliance on *Doyle v. Ohio* (1976), 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91, and *Jones v. State* (1976), 265 Ind. 447, 355 N.E.2d 402, to support his contention that his counsel was ineffective for failing to object to the prosecutor's comment in her closing argument, is misplaced. In *Doyle*, the United States Supreme Court found that for the State to induce a defendant's silence by the *Miranda* warnings and then to use the defendant's post-arrest silence to impeach his trial testimony, violates the Due Process Clause of the Fourteenth Amendment. *Id.* 426 U.S. at 618–619, 96 S.Ct. at 2245, 49 L.Ed.2d at 422. The significant difference between the present case and *Doyle* is that, here, the record clearly indicates that the prosecutor's comment was referring to a period of time prior to Hilliard's arrest. At trial, Officer Kelley testified that he and Sergeant Lucker did not make the actual arrest of Hilliard until after Officer Barkley viewed the photograph and positively identified Hilliard. The prosecutor's comment during her rebuttal statement, however, was referring to Sergeant Lucker's testimony regarding Hilliard's behavior when he first approached Hilliard on the porch, which was prior to the arrest. Further, the record does not indicate whether Hilliard had received any *Miranda* warnings.

In *Jenkins v. Anderson* (1980), 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86, the United States Supreme Court declined to extend *Doyle* to situations involving prearrest silence, holding that "the fifth amendment is not violated by the use of prearrest silence to impeach a criminal defendant's credibility." *Id.* 426 U.S. at 238, 100 S.Ct. at 2129, 65 L.Ed.2d at 94–95. The court reasoned that since no governmental entity induced the defendant to remain silent before his arrest, fundamental unfairness was not present as in *Doyle*. *Id.* 426 U.S. at 240, S.Ct. 2130, 65 L.Ed.2d at 96. The court went on to explain that it was up to each state to formulate rules defining when the silence is more probative than prejudicial. *Id.*

Although the prosecutor's remarks may have been ill-advised, we deem the comments of the prosecutor to be harmless beyond a reasonable doubt. *See Vann*, 407 N.E.2d at 1169. The evidence of Hilliard's guilt is overwhelming. Since Hilliard has not demonstrated how he was prejudiced by his trial counsel's failure to object to the prosecutor's comment, his claim of ineffective assistance of counsel must fail. The judgment of the trial court is affirmed.

Affirmed.

STATON and CONOVER, JJ., concur.