RILEY, Judge.
 

 STATEMENT OF THE CASE
 

 Defendant-Appellant Bobby Dean Wine (Wine) appeals from the denial of his petition for post-conviction relief.
 

 We affirm the post-conviction court.
 

 ISSUES
 

 Wine presents seven issues for our review which we re-state as follows:
 

 1. Whether fundamental error occurred when Wine was convicted of conspiracy to commit burglary despite alleged defects in the charging information.
 

 2. Whether fundamental error occurred when Wine was convicted of theft despite alleged defects in the charging information.
 

 3. Whether fundamental error occurred due to the prosecutor’s comments during closing argument.
 

 
 *1368
 
 4. Whether fundamental error occurred when the trial court failed to instruct the jury as to the weight to be given to the polygraph examination.
 

 5. Whether fundamental error occurred due to prosecutorial misconduct.
 

 6. Whether Wine was denied effective assistance of trial and appellate counsel.
 

 7. Whether the post-conviction court abused its discretion when it denied Wine’s motion for continuance.
 

 FACTS AND PROCEDURAL HISTORY
 

 The testimony at trial revealed that in December, 1986, Wine and Freddie Nelson (Nelson) conspired to burglarize a coin shop. After breaking into the coin shop and inadvertently sounding the alarm, Nelson and Wine terminated their plan. During a conversation after their initial aborted plan, Wine mentioned the Swifty Oil Station where Nelson’s sister’s boyfriend was the manager. Wine wanted to obtain the keys to the store so he and Nelson went to Nelson’s sister’s home. Nelson entered the home and took the keys from the boyfriend’s pockets. Nelson used the keys to get into the gas station and into the safe while Wine kept watch. They then returned to Wine’s home where they divided the money and cigarettes they stole. Nelson then returned to his sister’s home and replaced the keys in the pants pocket.
 

 In April, 1987, Wine was convicted by a jury of conspiracy to commit burglary, a class C felony and theft, a class D felony. He was further found to be an habitual offender. Wine was sentenced to eight years on the class C felony, and the sentence was enhanced by twenty years due to the habitual offender finding. He was sentenced to four years on the class D felony, which sentence was to be served concurrent with the sen-fence imposed on the class C felony. On direct appeal, our supreme court affirmed his conviction and sentence.
 
 Wine v. State
 
 (1989), Ind., 539 N.E.2d 932. Wine sought post-conviction relief.
 
 [1]
 

 Wine raised several allegations of error in his petition for post-conviction relief, including ineffective assistance of trial and appellate counsel. On December 30, 1992, the post-conviction court entered its preliminary ruling. Specifically, the court concluded that all of the issues raised by Wine, with the exception of ineffective assistance of appellate counsel, could have been raised at the direct appeal and that those issues were therefore waived. Further, the court found that there was no fundamental error.
 

 The post-conviction court later conducted a hearing on the petition at which it heard testimony of trial and appellate counsel. On July 13,1993, the post-conviction court issued its ruling denying relief. Specifically, the court found as follows:
 

 Mr. Zimmerman represented [Wine] on appeal. His testimony essentially indicated that he could not recall whether he had considered the alleged errors raised by the Defendant in his Post Conviction Relief Petition. The Court previously found in its earlier ruling that all of the alleged errors of trial counsel, Richard Swartz, were insufficient to show that they may have resulted in prejudice or that it was reasonably probable that but for the alleged errors, the proceeding would have resulted differently.
 

 ... [Wine] must show that his counsel’s performance was deficient. This would require a showing that his counsel made errors so serious that counsel was not functioning as that counsel guaranteed the Defendant by the 6th [A]mendment.
 

 
 *1369
 
 In the event that [Wine] could meet that requirement, he must further show that the deficient performance of counsel prejudiced the defense. This would require a showing that his counsel’s errors were so serious as to deprive [Wine] of a fair trial.
 

 ... [Wine] has failed on both counts to show that counsel’s performance was deficient and that even if counsel was in error, [Wine] was deprived of a fair trial or in this ease a fair appeal....
 

 (R. 91-92). Wine seeks relief from this decision.
 

 STANDARD OF REVIEW
 

 Generally, the petitioner in a post-conviction relief proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence.
 
 Babbs v. State
 
 (1993), Ind.App., 621 N.E.2d 326, 329,
 
 trans. denied.
 
 On appeal, we will not reweigh the evidence or judge the credibility of the witnesses.
 
 Joseph v. State
 
 (1992), Ind. App., 603 N.E.2d 873, 876. To prevail on appeal from the denial of post-conviction relief, the petitioner must satisfy the reviewing court that the evidence is without conflict and leads inevitably to a conclusion opposite of the trial court.
 
 Babbs,
 
 621 N.E.2d at 329.
 

 DISCUSSION AND DECISION
 

 We first note that the post-conviction court correctly stated the law with regard to waiver. With one exception, error available on direct appeal is waived if not raised on direct appeal.
 
 Capps v. State
 
 (1992), Ind. App., 598 N.E.2d 574, 577,
 
 trans. denied.
 
 The exception is error that rises to the level of fundamental error.
 
 Id.
 
 To rise to the level of fundamental error “[it] must constitute a clearly blatant violation of basic and elementary principles, and the harm or potential for harm must be substantial and appear clearly and prospectively.”
 
 Ried v. State
 
 (1993), Ind.App., 610 N.E.2d 275, 281,
 
 affd Ried v. State
 
 (1993), Ind., 615 N.E.2d 893. To fall within this exception error must be such that if not rectified it would deny the defendant fundamental due process.
 
 Id.
 

 We recently reiterated our position in this area when we said that
 

 [a] post-conviction proceeding is not a ‘super-appeal’ which allows the rehashing of the circumstances surrounding them, (citations omitted). Absent a showing by the post-conviction petitioner [that] an issue was unascertainable or unavailable at the time of trial and direct appeal, allegations of error arising therefrom may not be raised in post-conviction proceedings unless they rise to the level of fundamental error.
 

 Babbs,
 
 621 N.E.2d at 329.
 

 I.
 
 The Charging Information/Conspiracg
 

 Wine contends that the post-conviction court erred when it denied relief because his conviction of conspiracy constituted fundamental error. Specifically, Wine argues that the charging information was defective because it failed to set out the elements of burglary and failed to describe Wine’s role in the conspiracy. Wine further argues that the charging information failed to specify who owned the building which was the object of the burglary. The charging information for the conspiracy charge read as follows:
 

 ... [o]n or about the 7th day of December[,] 1986, at the County of Wabash, and State of Indiana, one Bobby Dean Wine did agree with Freddie Nelson for the object and purpose and with the intent to commit a felony, to-wit: burglary and in furtherance of the agreement the said Freddie Nelson did perform an overt act, to-wit:
 

 entered the Swifty Oil Company in Wabash, Indiana....
 

 (TR. 2).
 

 We first consider whether these allegations of fundamental error should be treated as free-standing error or whether they should be treated under the guise and standard of ineffective appellate counsel. Our supreme court in
 
 Propes v. State
 
 (1990), Ind., 550 N.E.2d 755,
 
 cert. denied Propes v. Indiana,
 
 — U.S. -, 112 S.Ct. 3046, 120 L.Ed.2d 913 (1992), held that fundamental error may be raised for the first time on post-conviction relief without a showing of ineffective assistance of counsel.
 
 Id.
 
 at 759. Thus, the ineffective assistance of counsel issues will be treated separately in this opinion.
 

 
 *1370
 
 Wine raised the inadequacy of the charging information for the first time on post-conviction relief. Generally, any challenge to the sufficiency of the charging document must be made by motion to dismiss prior to arraignment. Otherwise any error in that regard is waived.
 
 Marshall v. State
 
 (1992), 602 N.E.2d 144, 147,
 
 trans. denied.
 
 An information or indictment is intended to guarantee certain protections to the criminally accused. First, the charging document must set forth the elements of the offense intended to be punished, thus apprising the defendant with reasonable certainty of the nature of the accusation against him. Second, the offense charged must be described with sufficient particularity to permit a defense of double jeopardy in the event of a subsequent prosecution.
 
 Russell v. United States
 
 (1961), 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240;
 
 See also Taylor v. State
 
 (1957), 236 Ind. 415, 418, 140 N.E.2d 104, 106;
 
 Little v. State
 
 (1986), Ind., 501 N.E.2d 447;
 
 Green v. State
 
 (1991), Ind.App., 575 N.E.2d 296,
 
 trans. denied; Kerlin v. State
 
 (1991), Ind. App., 573 N.E.2d 445,
 
 trans. denied.
 
 Wine seeks to overcome the procedural default of waiver by asserting fundamental error.
 

 In support of his argument Wine cites
 
 Bickel v. State
 
 (1978), 176 Ind.App. 342, 375 N.E.2d 274. In
 
 Bickel,
 
 we reversed the trial court’s denial of Bickel’s motion to dismiss and held that the information was insufficient due to its failure to set out Bickel’s role in the conspiracy and describe the robbery with the same degree of certainty and particularity as an independent indictment for robbery.
 
 Id.
 
 The information charging Bickel is almost identical to the information charging Wine in that it did no more than name the intended felony of robbery and failed to name the elements of the offense and the defendant’s role in the conspiracy. However, Bickel interposed a timely motion to dismiss the information for lack of specificity. Had Wine interposed a timely pre-trial motion to dismiss the information, the motion would have likely been granted given Indiana precedent. However, we cannot say that a fundamental error occurred due to the inadequacy of the charging information. Wine has not demonstrated that his defense was impeded in any way nor that he was otherwise prejudiced.
 
 See Jenkins v. State
 
 (1991), Ind. App., 568 N.E.2d 1037,
 
 trans. denied.
 

 II.
 
 The Charging Information/Theft
 

 Wine contends that the post-conviction court erred when it denied relief because his conviction of theft constituted fundamental error. Specifically, Wine argues that the charging information was defective because it failed to describe the stolen property. The charging information for the theft charge read as follows:
 

 ... on or about the 7th day of December[,] 1986, at the County of Wabash, and State of Indiana, one Bobby Dean Wine did knowingly exert unauthorized control over’ the property of Swifty Oil Company, Inc. with the intent to deprive Swifty Oil Company, Inc. of the value or use thereof_
 

 (TR. 19).
 

 In support of his argument Wine cites
 
 Griffin v. State
 
 (1982), Ind., 439 N.E.2d 160. In
 
 Griffin,
 
 the defendant was charged in an amended information as follows:
 

 That on or about the 6th day of December, 1980, in the County of Rush, State of Indiana, Jimmie (sic) A. Griffin did knowingly receive the property of another person that had been the subject of theft. That said acts constitute the felony of Receiving Stolen Property as found in I.C. 35-43-4-2(b).
 

 Id.
 
 at 161. On direct appeal, Griffin argued that his conviction constituted fundamental error because the charging information “fail[ed] to state the facts and circumstances necessary to apprise [Griffin] of the charges against him.”
 
 Id.
 
 at 161. Our supreme court reversed the trial court holding that
 

 [t]here was no description of the property at all or any indication as to the identities of the rightful owners. Even though the defendant did not question the adequacy of the information at any time during the trial, the fact remains that the defendant was tried on a charge which was totally inadequate in informing him about what he should defend against and his conviction also places him in jeopardy should he be tried again for these crimes because this Court cannot determine, from the information, what was the property that defendant
 
 *1371
 
 received as stolen goods. The trial court is accordingly ordered to set aside the defendant’s conviction for receiving stolen property and to dismiss the charges.
 

 Id.
 
 at 162. In the present case, the charging information articulated that the property was stolen from the Swifty Oil Station. The purpose of an information is to advise the defendant of the particular crime charged so that he can prepare his defense. Wine fails to present evidence demonstrating that the information failed to give him notice of the charges brought against him or that he was mislead in any way. In the absence of a showing that Wine was prejudiced by the lack of specificity in the charging information, we do not find fundamental error.
 

 III.
 
 Prosecutor’s Comments
 

 Wine contends that the prosecutor improperly commented during closing argument on Wine’s failure to testify. Specifically, Wine argues that the prosecutor’s comments violated his right against self-incrimination and constituted fundamental error. During closing argument, the prosecutor summarized the testimony of one witness as follows:
 

 And remember he goes through who was in that apartment, I want you to remember who was in that apartment and who was on that bed. Remember in that apartment when Freddie went in, and when Bobby came back upstairs, remember the people he said were in that front room, Bobby’s wife, and Jan Henderson. Jan Henderson told you what went on in that front room, and what she saw. And that is the only testimony from all the people in that front room that you have.
 

 (TR. 468). Wine argues that since other witnesses’ testimony corroborated that Wine was in the room, the prosecutor’s comments could have been inferred by the jury as a comment on the defendant’s failure to testify.
 

 Our supreme court has repeatedly stated that the prosecutor is permitted to summarize the evidence and if “in its totality the prosecutor’s comment is addressed to other evidence rather than the defendant’s failure to testify, it is not grounds for reversal.”
 
 Hopkins v. State
 
 (1991), Ind., 582 N.E.2d 345, 348,
 
 reh’g denied
 
 (prosecutor’s comment “it is certainly worthy of comment that you never heard any testimony during- this trial that the defendant was anywhere else than the victim’s home when he was murdered” did not impinge on the appellant’s right to remain silent);
 
 Hill v. State
 
 (1988), Ind., 517 N.E.2d 784, 787,
 
 reh’g denied
 
 (prosecutor’s comment that “one of them is hiding something” in referring to contradiction in testimony was not an impermissible comment on defendant’s failure to testify but rather was a comment permissibly addressed to contradictions and gaps in the evidence);
 
 Flynn v. State
 
 (1986), Ind., 497 N.E.2d 912, 915 (prosecutor’s comment that “defense counsel was not able to demonstrate to you any that [State’s witness] was lying to you at all” focused on the uncontradicted nature of the State’s evidence and did not violate the defendant’s Fifth Amendment rights);
 
 Callahan v. State
 
 (1988), Ind., 527 N.E.2d 1133, 1136 (prosecutor’s comment “has there been any witnesses presented who have told us where [the defendant] was that morning” focused on the lack of evidence rather than the defendant’s failure to testify).
 

 The prosecutor was well within the permissible scope of comment when he summarized the evidence. The comment focused on the lack of contradictory evidence rather than Wine’s failure to testify. Because we do not construe the comment as one on Wine’s failure to testify, we find no fundamental error. Had we found that the prosecutor’s comment constituted a direct reference to Wine’s exercise of his constitutional right to remain silent, Wine correctly states the law that we would reverse.
 
 See Brooks v. State
 
 (1992), Ind., 598 N.E.2d 519.
 

 IV.
 
 Polygraph Examination
 

 Wine contends that the trial court’s failure to instruct the jury regarding the weight to be given the polygraph testimony constitutes fundamental error. As a general rule, the results of polygraph tests are inadmissible because they are not competent.
 
 Owens v. State
 
 (1978), 176 Ind.App. 1, 373 N.E.2d 913, 914. However, where the parties have stipulated to the admissibility of the results, as here, they may be admitted in the trial court’s discretion.
 
 Id.
 
 In
 
 Owens,
 
 we
 
 *1372
 
 adopted the rule as articulated by the supreme court of Arizona in
 
 State of Arizona v. Valdez
 
 (1962), 91 Ariz. 274, 280, 371 P.2d 894, 900. The
 
 Valdez
 
 court announced certain prerequisites that should be met before polygraph results may be admitted into evidence. In pertinent part, the court held:
 

 [t]hat if such evidence is admitted the trial judge should instruct the jury that the examiner’s testimony does not tend to prove or disprove any element of the crime with which a defendant is charged but at most tends only to indicate that at the time of the examination defendant was not telling the truth. Further, the jury members should be instructed that it is for them to determine what corroborative weight and effect such testimony should be given.
 

 Owens,
 
 373 N.E.2d at 915.
 

 The appellant in
 
 Titara v. State
 
 (1983), Ind., 447 N.E.2d 587, advanced the identical argument as Wine which our supreme court rejected. The
 
 Titara
 
 court held that “[t]o be categorized as fundamental error and thus transcend our procedural requirements, the error must be blatant, and the potential for harm must be substantial and appear clearly and prospectively.”
 
 Id.
 
 at 588. The court went on to hold that the trial court’s failure to give the instruction did not rise to that level.
 
 Id.
 
 We do not find that the court’s failure to instruct the jury on the weight to be given the polygraph results rises to the level of fundamental error.
 

 V.
 
 Prosecutorial Misconduct
 

 Wine contends that repeated prejudicial statements by the prosecutor during closing argument constituted prosecutorial misconduct. Specifically, he argues that the prosecutor elicited testimony from Wine’s co-conspirator concerning threats that had been made against him, but that were never connected to Wine; and the prosecutor made inflammatory and irrelevant comments during closing argument regarding defense witness Bobbie Jo Martin.
 
 [2]
 

 When reviewing a claim of prosecutorial misconduct we first determine whether the prosecutor engaged in misconduct. Then, we determine whether the misconduct placed the defendant in a position of grave peril.
 
 Burris v. State
 
 (1984), Ind., 465 N.E.2d 171, 186,
 
 cert. denied Burris v. Indiana,
 
 469 U.S. 1132, 105 S.Ct. 816, 83 L.Ed.2d 809 (1985). Whether the defendant is placed in grave peril is determined by “the probable persuasive effect of the misconduct on the jury’s decision.”
 
 Id.
 
 at 187. Even if an isolated instance of misconduct does not rise to the level of grave peril, if repeated instances indicate a deliberate attempt to inject prejudice, a reversal may be appropriate.
 
 Id.
 

 On cross-examination of the State’s key witness, co-conspirator Nelson, defense counsel attempted to elicit testimony regarding police threats. Counsel’s questions insinuated that police had threatened Nelson with a habitual offender charge in order to obtain his testimony against Wine. The prosecutor elicited the following testimony on re-direct examination of Nelson:
 

 Q. Now Freddie, Mr. Swartz was asking about being threatened, remember that?
 

 A. Yeah.
 

 Q. Has anybody threatened you?
 

 A. No officials or anything concerning this case, no.
 

 Q. Anybody else threatened you other than law officials?
 

 A. I don’t know if I should answer that.
 

 Q. Well go ahead and answer it.
 

 A. I really feel I don’t know if I should answer that.
 

 [Defense Counsel]: I think Judge ...
 

 A. (Interposing) I feel — I fear for my life if I answer that question, yes.
 

 (TR. 338-339). The prosecutor withdrew the question. The evidence of the alleged threat was not connected in any way to Wine. A prompt objection by trial counsel would have afforded the trial court the opportunity to remedy any potential prejudice to the defendant. Trial counsel did not object. Nor was
 
 *1373
 
 this issue raised on direct appeal. Therefore, the error has been waived. However, since this court prefers to address issues on their merits, we will do so.
 

 Wine cites
 
 Cox v. State
 
 (1981), Ind.App., 422 N.E.2d 357, for the proposition that admission of testimony by a State’s witness regarding alleged threats made which were not connected to the defendant is error. In
 
 Cox,
 
 the witness was permitted to testify that he received specific threats from an unknown person not to testify against the defendant. The witness testified that he had received specific threats while incarcerated that if he testified against the defendant, he should not bother coming back to prison because they would kill him.
 
 Id.
 
 at 361.
 
 Cox
 
 is distinguishable because in that case the testimony was very specific and was likely to have impacted the jury. In the present ease, the State remained within the scope of re-direct examination by questioning on the threats of police officials, and then asked if Nelson had been threatened by anyone. This colloquy does not rise to the level of fundamental error.
 

 Next, Wine contends that it was prosecutorial misconduct for the prosecutor to make inappropriate comments regarding defense witness Bobbie Jo Martin. During closing argument, the prosecutor commented on the credibility of the individual witnesses. Specifically, he said
 

 ... what they ultimately ended up doing, and that is have the little girl come up here and not tell you the truth. What kind of a girl is she, I mean she is about like the rest of the witnesses we had I suppose ... she doesn’t go to school, she is seventeen years old, drinkin’ (sic) and having a good time and I don’t know what else.... but what I am trying to get across to you is that each one of these witnesses was — and I told you that they wouldn’t be choir boys or choir girls or whatever — they aren’t going to be because they don’t associate with people like that, I’m not going to be able to bring those type of people in here to testify that they committed burglary, because they don’t commit burglaries.
 

 (TR. 443). It is well-settled in Indiana that a prosecutor may comment upon the credibility of a witness so long as the assertions arise from the evidence.
 
 Hubbard v. State
 
 (1974), 262 Ind. 176, 181, 313 N.E.2d 346, 350;
 
 Burns v. State
 
 (1979) 270 Ind. 512, 387 N.E.2d 442, 445;
 
 Beard v. State
 
 (1981), Ind., 428 N.E.2d 772, 775;
 
 Clark v. State
 
 (1992), Ind.App., 597 N.E.2d 4, 9,
 
 reh’g denied, trans. denied.
 

 Here, credibility of the witnesses was a key issue to be resolved by the jury and the prosecutor properly pointed that out to them. The evidence revealed that Martin had been drinking that night and that she dropped out of school the day before her sixteenth birthday. Therefore, the prosecutors comments were based upon the evidence and we do not find that they placed Wine in grave peril.
 

 Finally, Wine contends that the prosecutor’s comment to the jury that its failure to convict Wine would have adverse impact on the criminal justice system constitutes prosecutorial misconduct because it invites the jury to convict on reasons other than the defendant’s guilt. Wine contends that the prosecutor made comments that urged the jury to convict on reasons other than his guilt. Specifically, the prosecutor said the following: “I want you to remember that your verdict here also reflects outside this Courtroom, it reflects to everyone. Now, if you think he is innocent, fine, find him innocent.... But if you think he is guilty beyond a reasonable doubt then you should find him guilty, because if you don’t, then you are telling those other people out there that hey, you can come in here and say anything or do anything and nothing will happen.” (TR. 458).
 

 To prevail, Wine must first show that the prosecutor engaged in intentional improper conduct. Second, he must show that the conduct placed him in grave peril. Assuming for the sake of argument that the comments were improper, we do not find that Wine was placed in a position of grave peril. The comments represent a correct statement of the law and we do not find it likely that they compromised the jury’s duty to determine guilt or innocence.
 
 See Dresser v. State
 
 (1983), Ind., 454 N.E.2d 406, 407 (prosecutor’s comments during final argument that
 
 *1374
 
 the jury’s “failure to convict might subject them, their children or their loved ones to danger; and an acquittal of the Defendant subjected society to a high degree of risk” were not found to rise to level of grave peril).
 

 VI.
 
 Ineffective Assistance of Counsel
 

 Wine contends that he was denied effective assistance of both trial and appellate counsel. When reviewing a claim of ineffective assistance of counsel, we initially presume that counsel’s representation was within the wide range of reasonable professional assistance.
 
 Geans v. State
 
 (1993), Ind. App., 623 N.E.2d 435, 437.
 

 The test to be applied when ineffective assistance of counsel is alleged is two-pronged. First, the defendant must prove that counsel’s representation fell below an objective standard of reasonableness under prevailing professional norms.
 
 Strickland v. Washington
 
 (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674,
 
 reh’g denied; Hilliard v. State
 
 (1993), Ind.App., 609 N.E.2d 1167, 1169. Second, the defendant must prove that the substandard performance was so prejudicial that he was deprived of a fair trial.
 
 Hilliard,
 
 609 N.E.2d at 1169. In determining whether the defendant was prejudiced, we look to the totality of the evidence and ask whether there is a reasonable probability that the outcome would have been different, but for counsel’s errors.
 
 Id.
 
 A reasonable probability is one that is sufficient to undermine confidence in the outcome.
 
 Id.
 

 Our scrutiny on appeal is deferential and should not be distorted by hindsight.
 
 Id.
 
 at 1169. Tactical choices by trial counsel do not establish ineffective assistance of counsel.
 
 Garrett v. State
 
 (1992), Ind., 602 N.E.2d 139, 142,
 
 reh’g denied.
 
 We will not “second guess questions of strategy and tactics unless the choice appears to have been so poor that no reasonable lawyer would have been tempted by it.”
 
 McBride v. State,
 
 (1992), Ind.App., 595 N.E.2d 260, 262-263.
 

 A.
 
 Trial Counsel
 

 Wine first contends that his trial counsel was ineffective. As a general rule, ineffective assistance of trial counsel is an issue known and available at the time of direct appeal.
 
 Burris v. State
 
 (1992), Ind. App., 590 N.E.2d 576, 578,
 
 trans. denied.
 
 Appointed counsel Richard Swartz represented Wine from his initial hearing through his trial and sentencing. Appointed counsel Alan Zimmerman prepared the motion to correct error in Wine’s behalf and represented Wine on direct appeal. Since the trial counsel and appellate counsel were different here, the attorney representing Wine on his direct appeal had the opportunity to raise ineffective assistance of trial counsel. Generally, appellate counsel’s failure to raise the issue results in waiver. However, in this case, Wine has raised ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel on direct appeal. Thus, the issues have been preserved and we will address the merits.
 
 [3]
 

 Wine contends that his trial counsel was ineffective for failing to move to dismiss the informations charging Wine with theft and conspiracy, for failing to object to the prosecutor’s comments during closing argument and for failing to tender an instruction concerning polygraph testimony. Trial counsel’s error in failing to move to dismiss the informations did not prejudice Wine because the State could have simply refiled the charges against him. Trial counsel was not ineffective in his representation for failure to object to the prosecutor’s comments during closing argument because there was no pros-ecutorial misconduct. Furthermore, we do not find that trial counsel’s failure to submit an instruction on the polygraph testimony was prejudicial because the independent evidence of guilt was overwhelming.
 
 [4]
 

 B.
 
 Appellate Counsel
 

 When considering claims of ineffective assistance of appellate counsel, there are two
 
 *1375
 
 tiers to that determination: whether appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel as error on appeal, and whether appellate counsel failed to raise on appeal error that was properly preserved at trial.
 
 See Capps,
 
 598 N.E.2d at 578. While appellate counsel did not raise many of the issues addressed in the petition for post-conviction relief, appellate counsel must be left with discretion to make choices regarding which issues to present to the court on appeal. We do not find that Wine was prejudiced by counsel’s decision to forgo raising these issues on appeal. Counsel’s performance was not deficient.
 

 VII.
 
 Motion to Continue
 

 In Wine’s final allegation of error, he contends that the post-conviction court erred when it denied his motion to continue the post-conviction hearing due to the unavailability of a defense witness. Defense counsel filed the motion only five days before the scheduled hearing. The defense wished to call a polygraph examiner to testify that the results of Wine’s polygraph were unreliable and that this testimony would go toward establishing trial counsel’s ineffectiveness. The trial court denied the motion.
 

 The decision whether to grant or deny a motion for a continuance is left to the sound discretion of the trial court.
 
 Risner v. State
 
 (1992), Ind.App., 604 N.E.2d 13, 14,
 
 trans. denied.
 
 A decision to deny a motion for continuance is reviewable only for an abuse of that discretion.
 
 Id.
 

 One reason cited by the trial court for denying the motion was that all issues, with the exception of ineffective assistance of counsel, had been disposed of. (R. 19). The ineffective assistance of trial counsel issue for failing to consult with an expert concerning the polygraph results was preserved by defendant’s allegation of ineffective assistance of appellate counsel. Therefore, we cannot agree with the reasoning of the trial court in denying the motion. However, we cannot say that the trial court abused its discretion in denying the motion. Even if the trial court did err in denying the continuance, we do not find that Wine suffered any harm due to the absence of the proffered evidence.
 

 CONCLUSION
 

 The informations charging Wine with conspiracy to commit robbery and theft contained specific allegations to enable Wine to adequately prepare his defense. Further, we find no indicia of prosecutorial misconduct in any of the instances cited by Wine, nor do we find fundamental error due to the absence of an instruction concerning the polygraph testimony. Further, we find that Wine received effective assistance of both trial and appellate counsel. Further, the post-conviction court did not abuse its discretion when it denied Wine’s motion for continuance.
 

 The remedy of post-conviction relief contemplates a rather small window of review. Wine has failed to demonstrate fundamental error on any of the issues previously waived, and has failed to demonstrate ineffective assistance of appellate counsel, the only issue remaining.
 

 Affirmed.
 

 RATLIFF, Senior Judge, concurs.
 

 CHEZEM, J., concurs in result.
 

 [1]
 

 . Wine filed a
 
 pro se
 
 petition for post-conviction relief in July, 1989, which the Wabash Circuit Court denied on December 5, 1990. Counsel was appointed at Wine’s request to represent him on appeal. After review of the record, counsel filed a motion in the court of appeals to dismiss the appeal without prejudice and remand to the post-conviction court. Counsel took these curative steps in order to avoid the filing of successive petitions. We granted the motion and the appeal was terminated and the cause remanded to the Wabash Circuit Court "for the purpose of newly appointed counsel for the appellant reviewing the record of the proceedings, formulating issues, and thereafter filing a Petition for Post-Conviction Relief and for the trial court’s plenary consideration of such Petition_" (R. 51). Based on our prior ruling, we deem Wine’s present petition for post-conviction relief as a first petition rather them a successive petition.
 

 [2]
 

 . Wine also argues that the closing argument comments, which Wine has characterized as comments on his right to remain silent, amount to prosecutorial misconduct.
 
 See
 
 issue III
 
 supra
 
 for a complete discussion.
 

 [3]
 

 . We note that when trial and appellate counsel are the same, a post-conviction relief petitioner may initially raise ineffective assistance of trial counsel.
 
 McBride v. State
 
 (1992), Ind.App., 595 N.E.2d 260, 262,
 
 trans. denied.
 
 This is because we will not attribute to petitioner the failure of counsel to assert his own ineffective assistance.
 
 Id.
 

 [4]
 

 .
 
 We note that the polygraph test was given at Wine’s insistence and the admissibility of the test results was stipulated.