## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 07 2017, 9:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Davis,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 7, 2017

Court of Appeals Case No.
34A02-1704-CR-903

Appeal from the Howard Superior Court

The Honorable William C. Menges, Judge

Trial Court Cause No.
34D01-1605-F2-485

**May, Judge.**

Christopher Davis appeals his conviction of Level 5 felony possession of cocaine.[1] He presents two issues on appeal, one of which we find dispositive: whether the trial court abused its discretion when it denied Davis' motion to continue.[2] We reverse and remand.

# Facts and Procedural History

On May 25, 2016, the police conducted an investigation at Davis' house. On May 26, 2016, the police arrested Davis in a different location. During a search incident to his arrest, police found cocaine in Davis' pocket. On May 27, 2016, based on the evidence found during the May 25 investigation at Davis' house, the State charged Davis with Level 2 felony dealing in cocaine,[3] Level 4 felony unlawful possession of a firearm by a serious violent offender,[4] and Level 3 felony possession of cocaine.[5]

On January 26, 2017, the day before Davis' jury trial, the State filed a fourth count against Davis, Level 5 felony possession of cocaine (hereinafter, "Count

---

[1] Ind. Code § 35-48-4-6(b) (2014).

[2] Davis also argues the trial court abused its discretion when it admitted certain evidence. However, since we hold he is entitled to a new trial, we need not address those issues. *See Miller v. State*, 72 N.E.3d 502, 518 (Ind. Ct. App. 2017) (holding the trial court judge must, during a retrial, "distanc[e] himself from the evidence already considered and consider[] the case entirely anew, as we believe must be done in a criminal case"), *trans. granted*, *Court of Appeals opinion summarily affirmed*, 77 N.E.3d 1196, 1197 (Ind. 2017).

[3] Ind. Code § 35-48-4-1(e) (2014).

[4] Ind. Code § 35-47-4-5(c) (2014).

[5] Ind. Code § 35-48-4-6(d) (2014).

Four"), based on the cocaine found in Davis' pocket during the search incident to his arrest on May 26. However, the State indicated the wrong date and address on its original filing of Count Four, so one day later on January 27, 2017, the day of Davis' jury trial, the State amended that charge to reflect the correct date and location of the arrest. Davis filed a motion to dismiss Count Four, and the trial court denied that motion. Davis subsequently filed a motion to continue, motion to sever, and motion to bifurcate Count Four, which were also denied.

[4] The jury trial proceeded as scheduled. The jury acquitted Davis of the original three charges, but found him guilty of Count Four.

# Discussion and Decision

[5] We review the trial court's decision regarding a motion to continue under the abuse of discretion standard. *Rowlett v. Vanderburgh Cty. Office of Family & Children*, 841 N.E.2d 615, 619 (Ind. Ct. App. 2006), *trans. denied*. "An abuse of discretion may be found in the denial of a motion for a continuance when the moving party has shown good cause for granting the motion." *Id.* However, "no abuse of discretion will be found when the moving party has not demonstrated that he or she was prejudiced by the denial." *Id.* Continuances to allow more time for preparation are generally disfavored in criminal cases. *Risner v. State*, 604 N.E.2d 13, 14 (Ind. Ct. App. 1992), *trans. denied*.

[6]     Amendments to a charging information are governed by Indiana Code section

35-34-1-5:

> Subsection [Ind. Code § 35-34-1-5](b) provides, in pertinent part,
> that "[t]he indictment or information may be amended in matters
> of substance . . . before the commencement of trial; if the
> amendment does not prejudice the substantial rights of the
> defendant." Subsection [Ind. Code § 35-34-1-5](c) provides that
> "[u]pon motion of the prosecuting attorney, the court may, at
> any time before, during, or after the trial, permit an amendment
> to the indictment or information in respect to any defect,
> imperfection, or omission in form which does not prejudice the
> substantial rights of the defendant."

*Erkins v. State*, 13 N.E.3d 400, 405 (Ind. 2014), *reh'g denied*. Our Indiana

Supreme Court set forth a test for determining whether an amendment to a

charging information is one of form or substance:

> [A]n amendment is one of form, not substance, if both (a) a
> defense under the original information would be equally
> available after the amendment, and (b) the accused's evidence
> would apply equally to the information in either form. And an
> amendment is one of substance only if it is essential to making a
> valid charge of the crime.

*Fajardo v. State*, 859 N.E.2d 1201, 1207 (Ind. 2007), *abrogated by statute on other*

*grounds as stated in Shaw v. State,* 82 N.E.3d 886, 895 (Ind. Ct. App. 2017).

Whether an amendment to a charging information is one of substance or of

form is a question of law, which we review *de novo*. *Erkins*, 13 N.E.3d at 405.

[7] A defendant's substantial rights "include a right to sufficient notice and an opportunity to be heard regarding the charge; and, if the amendment does not affect any particular defense or change the positions of either parties, it does not violate these rights." *Gomez v. State*, 907 N.E.2d 607, 611 (Ind. Ct. App. 2009), *trans. denied*. "Ultimately, the question is whether the defendant had a reasonable opportunity to prepare for and defend against the charges." *Sides v. State*, 693 N.E.2d 1310, 1313 (Ind. 1998*), abrogated on other grounds by Fajardo*, 859 N.E.2d at 1206-7.

[8] The State argues the amendment of Davis' charging information was one of form because it "simply changed the date and location of the offense" and "certainly Defendant was well aware of the charges against him since he was present at the time the police arrested him, and found cocaine on his person." (Br. of Appellee at 13) (internal citations to the record omitted). However, the State's argument ignores the fact Count Four was filed the day before Davis' jury trial was to commence, over six months after his arrest occurred.

[9] In addition, Count Four was based on cocaine seized from Davis as a result of a search incident to his arrest on the day after police searched Davis' house. The arrest did not occur at Davis' house, where the other charged offenses were alleged to have occurred. As Davis argues on appeal:

> [T]he facts relating to [Count Four] are dramatically different. . .
> . The facts around the arrest would be critical in determining if
> that warrantless arrest was legal or illegal, which would be
> critical to determining whether .3 gm of cocaine, not found

during an initial pat down, but found only after a detailed search, could legally be admitted into evidence.

(Br. of Appellant at 12.)

[10] The addition of Count Four – based on facts occurring at a different location, on a different day, and under different circumstances than the original charges -- one day before trial, did not give Davis sufficient notice of the charge against him such that he could formulate a defense. We therefore conclude the trial court abused its discretion when it denied Davis' motion to continue based on the State's late amendment to the charges against Davis. We reverse and remand for a new trial on Count Four. *Contra Shaw*, 82 N.E.3d at 897 (Shaw was not prejudiced by State's addition of charge two weeks before trial because facts supporting new charge were the same as original charge and the trial court granted Shaw's motion to continue which afforded an extra two months to prepare for trial).

[11] Reversed and remanded for new trial.

Barnes, J., and Bradford, J., concur.