Robert Lee PERKINS, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8705–PC–00505.

Supreme Court of Indiana.

Aug. 1, 1989.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary E. Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was charged by affidavit with robbery and inflicting injury in the commission of a robbery. A court trial was held in 1972 which resulted in a finding and judgment of guilty on both counts, and an appeal was taken. On appeal, the convictions were affirmed. *Perkins v. State* (1973), 261 Ind. 209, 301 N.E.2d 513. In 1979 appellant filed a *pro se* petition for post-conviction relief which was later withdrawn. In 1984, appellant filed his second petition for post-conviction relief, which was submitted for hearing, and which re-

sulted in a judgment denying relief. This appeal has followed.

In his petition, appellant claimed that he did not knowingly, intelligently and voluntarily waive his right to trial by jury. The trial court concluded that appellant had failed to sustain his burden of proof on this allegation, that he had properly waived his right to trial by jury, and that the issue was waived for purposes of post-conviction relief when not included in his direct appeal.

The record of proceedings for this appeal consists of the record of proceedings of the initial trial and appeal, the testimony of the original defense counsel at the post-conviction hearing that he had no recollection of advising appellant, but that he and the trial judge routinely and habitually advised accused persons of their right to trial by jury and extracted some form of waiver before proceeding with a bench trial, and the testimony of appellant at that same hearing that he had not been advised of his right to trial by jury and never consented to waiving that right. The record of proceedings appurtenant to the initial trial and appeal show that appellant was represented and appeared with counsel at all important stages of the prosecution, but contains no reference to an advice of the right to trial by jury or to any action on the part of appellant or his counsel, in writing or *viva voce*, waiving that right or consenting to a bench trial. There was no objection to a bench trial raised by appellant or his counsel before or at trial, and no claim was made in the motion to correct errors or on appeal that the right to trial by jury had not been accorded.

The record likewise reflects that on or about the time of the initial trial in 1972, appellant entered pleas on two other felonies and was sentenced on those convictions. It also reflects that the trial court set the case for trial several times and appellant signed a series of written continuance motions. None of the entries or motions for continuance refer to a setting as one for a jury trial.

██ The Sixth Amendment, applicable to the states through the Fourteenth Amendment, provides a person charged in state court with a criminal offense the "right to a speedy and public trial, by an impartial jury." Article I, § 13 of the Indiana Constitution, as well as all other state constitutions, do likewise. The right is fundamental and personal and has stood for more than three hundred years as a safeguard against using courts as instruments of persecution. *In re Oliver*, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948); *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Because of the great public interest in this mode of resolving criminal charges, a successful waiver of jury trial cannot be made by the accused without the assent of the government and the judge. *Good v. State* (1977), 267 Ind. 29, 366 N.E.2d 1169. It is the duty of courts to assume in a criminal case that the defendant will want a trial by jury and require any waiver of jury trial to be a knowing and voluntary choice of the defendant himself, personally expressed by him *viva voce* or in writing, and memorialized on the court's record. *Doughty v. State* (1984), Ind., 470 N.E.2d 69. A knowing, voluntary and intelligent waiver of the right cannot be inferred from a record of trial court events which does not evidence such personal choice. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Submission to a bench trial with counsel at one's side cannot be deemed a waiver. *Good*, 366 N.E.2d 1169.

██ The trial court resolving this post-conviction petition found from the testimony of the defense counsel that appellant had been advised of his right to trial by jury. The record of proceedings does not record that such advice was given. Nevertheless, the findings as written require the grant of relief because they do not, and indeed on the basis of the entire record could not, support the inference that appellant personally expressed a conscious choice in the court of his initial trial to give up the right to trial by jury. He therefore satisfied his burden in the post-conviction court as a matter of governing constitutional law. *Boykin*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *Doughty*, 470 N.E.2d

69. If, therefore, appellant did not waive this claim by not including it in his direct appeal, the judgment must be reversed with instructions to grant post-conviction relief, for Indiana courts may not impose sentences for criminal offenses unless a jury trial has been received or waived.

■ The State argues that since appellant, at the time of his appeal, knew that he was not advised of his right to have a jury trial, the issue was known and available to him on direct appeal, and his failure to include it as an issue in his first appeal constitutes a waiver of that issue. Such rule regarding waivers on appeal is not applicable here, as this claim is fundamental and also falls within that class of claims specifically sanctioned by Post–Conviction Remedy Rule 1, Section 1(a)(1). *Bailey v. State* (1985), Ind., 472 N.E.2d 1260. Appellant claims that his conviction and sentence are in violation of the federal and state constitutions. There was no procedural default or waiver when appellant did not urge this claim in his direct appeal.

The judgment of the trial court is reversed and the cause remanded to the trial court with instructions to set aside this conviction and grant a new trial.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.