Dennis R. CAPPS, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A02–9110–PC–451.

Court of Appeals of Indiana,
Second District.

Aug. 31, 1992.

Transfer Denied Oct. 21, 1992.

Susan K. Carpenter, Public Defender, Addie D. Hailstorks, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

SHIELDS, Judge.

Dennis R. Capps appeals the adverse judgment on his petition for post-conviction relief.

We affirm in part and reverse in part.

## ISSUES

1. Whether the post-conviction court failed to enter findings of fact and conclusions of law as required by Ind. Post–Conviction Rule 1(6).

2. Whether the post-conviction court erred in determining Capps had waived certain issues he raised in his post-conviction relief petition.

3. Whether the post-conviction court erred in determining Capps was not denied effective assistance of appellate counsel.

## FACTS

Capps was convicted of second degree murder in a trial to the court and sentenced to life imprisonment. On direct appeal, the Indiana Supreme Court affirmed Capps's conviction and sentence. *See Capps v. State* (1978), 268 Ind. 614, 377 N.E.2d 1338. In an amended petition, Capps sought post-conviction relief on the bases that his waiver of his right to a jury trial was not knowing, intelligent and voluntary, that his life sentence was unconstitutionally imposed, and that he was denied effective assistance of counsel at trial and on his direct appeal.

Following a hearing, the post-conviction court entered findings of fact and conclu-

sions of law in which it denied Capps relief. In particular, the post-conviction court found that Capps's conviction and sentence were affirmed on direct appeal and that Capps was represented by different counsel at trial and on appeal. In relevant part, the court then concluded:

### CONCLUSIONS OF LAW

1. Because the petitioner was convicted at trial and appealed, and because the State of Indiana had interposed a waiver defense herein, this Court cannot address trial-level issues that are subject to said defense unless it determines the existence of a basis for circumvention of the waiver defense. This Court concludes that of the issues sought to be presented by the instant petition, only the issue of the alleged ineffective assistance of appellate counsel is an issue not available to the petitioner on appeal. The Court thus concludes that it can only address those otherwise-waived issues if it first determines that appellate counsel was ineffective for his failure to raise them on appeal. *Davis v. State* (1975), [164 Ind.App. 331] 328 N.E.2d 768.

2. The petitioner was not denied the effective assistance of counsel on appeal. The evidence before this Court demonstrates that appellate counsel assembled and filed the Record of Proceedings in said appeal. The evidence further demonstrates that counsel researched and briefed the issues presented on appeal; and that counsel was of the belief that presentation of meritless issues might dilute the strength of an appeal. This Court concludes that appellate counsel's representation was competent and effective. Finding no deficiency in counsel's performance, this Court cannot determine that the petitioner was denied effective assistance of counsel. *Strickland v. Washington* (1984), [466 U.S. 668] 104 S.Ct. 2052 [80 L.Ed.2d 674].

3. Because the Court concludes that the petitioner was not denied the effective assistance of appellate counsel, it cannot address the merits of the remaining issues sought to be presented by the instant petition, all of which were available to the petitioner at the time of his appeal, but were not raised therein.

Record at 147–48.

Capps appeals.

### DISCUSSION AND DECISION

#### I.

■ Capps claims the post-conviction court erred because it failed to make specific findings of fact and conclusions of law as required by Ind. Post–Conviction Rule 1(6) on his claims that he did not knowingly, voluntarily, and intelligently waive his right to a jury trial and that his sentence constitutes a denial of due process under the state and federal constitutions.

Contrary to Capps's contention, the post-conviction court complied with P–C.R. 1(6). The post-conviction court specially found that the State raised waiver as a defense, that Capps had different counsel on appeal than at trial, and that Capps's conviction and sentence was affirmed on his direct appeal. Based upon these special findings, the post-conviction court determined it could not address any of Capps's grounds for post-conviction relief other than his claim of ineffective appellate counsel because these other claims had been waived, i.e., they were available at the time of his direct appeal. The post-conviction court also made special findings upon Capps's ineffective appellate counsel claim after which it determined his claim was without merit. Thus, the post-conviction court complied with P–C.R. 1, #6 by making special findings of fact and conclusions of law on all issues presented.

There is no merit to Capps's argument the post-conviction court failed to comply with P–C.R. 1(6).

#### II.

Capps argues the post-conviction court erred in determining that, with the exception of his claim of ineffective appellate counsel, he had waived the issues he asserted in his post-conviction petition.

■ With one exception, error available on direct appeal is waived if not raised on direct appeal. The exception is error that rises to the level of fundamental error.[1] *See Lee v. State* (1990), Ind., 550 N.E.2d 304, 304 (fundamental error may be raised in post-conviction proceeding although it was available, but not raised, on direct appeal); *Perkins v. State* (1989), Ind., 541 N.E.2d 927, 929 (waiver on appeal rule inapplicable to fundamental error); and *Lane v. State* (1988), Ind., 521 N.E.2d 947, 948 (available error that does not qualify as fundamental in nature is waived if not raised on direct appeal). Therefore, the post-conviction court's determination is erroneous only if the error asserted, if proven, would constitute fundamental error.

Capps claims the following asserted errors rise to the level of fundamental error: his failure to knowingly, intentionally, and voluntarily waive his right to a trial by jury, the trial court's imposition of a life sentence based upon materially untrue assumptions, and the ineffectiveness of his trial counsel.

### A.

■ Capps claims his written waiver of a trial by jury was not knowing, intentional, or voluntary because he signed the waiver based upon the assurances of his trial counsel that he would receive a ten-year sentence and mental health treatment if he was convicted in a bench trial rather than in a jury trial.

■ A claim that a waiver of the right to a jury trial is not knowing, intelligent and voluntary constitutes a claim that rises to the level of fundamental error. *See Perkins v. State* (1989), Ind., 541 N.E.2d 927, 928–29 (claim that waiver of trial by jury was not knowing, intelligent and voluntary is "fundamental and also falls within that class of claims specifically sanctioned by Post–Conviction Remedy Rule 1, Section 1(a)(1)," and, therefore, "[t]here was no procedural default or waiver when appellant did not urge this claim in his direct appeal." *Id.* at 929.); *see also Kimball v. State* (1985), Ind., 474 N.E.2d 982, 986 (court, in dicta, stated that it agreed with the argument that "had Appellant waived jury trial on assurances given by the trial court or prosecutor which they later reneged upon, his waiver would not have been given voluntarily, knowingly, and intelligently.").

Because the asserted error, an involuntary, unintelligent and unknowing waiver of the right to trial by jury, if proven, could be fundamental, and because there is a conflict in the relevant evidence, the post-conviction court erred when it failed to address the claim on its merits in its findings of fact and conclusions of law.

### B.

■ Capps also claims the trial court erred in sentencing him to life imprisonment following his conviction of second degree murder because the court relied "on materially untrue assumptions that remained uncorrected by [his] trial attorney." Appellant's Brief at 21. The untrue assumptions to which Capps refers are contained in the court's statements, at the time of sentencing, that "his entire life has been characterized by sociopathic behavior" and "he was beating on women when he was 15 years old. Or, girls, at the time." Record at 174.

Assuming due process requires that a sentence be based on accurate information, and that a sentence based upon inaccurate information would constitute fundamental error, Capps's claim is itself based upon an untrue assumption. The entire record is

---

1. Logically, available fundamental error also should be waived if it is not raised on direct appeal. Fundamental error is error that is so blatant and substantial that it would be apparent to appellate counsel and, therefore, should be waived if it is not raised on direct appeal. Thus, like any other error available on direct appeal, fundamental error should not be available in a post-conviction relief proceeding *unless* the failure to raise such error on direct appeal constitutes ineffective assistance of appellate counsel. In that event, the alleged error is reviewable, but under the guise and standard applicable to a claim of ineffective appellate counsel. However, in light of overwhelming precedent addressing fundamental error claims on its own, i.e., as free-standing error, we are compelled to do the same.

permeated with evidence—including that offered by Capps in support of his insanity plea and Capps's extensive criminal history contained in the presentence report—that Capps's life is a model of sociopathic behavior. In lay terms, sociopathic behavior is anti-social behavior. Webster's Third New International Dictionary (1976) defines sociopathic as "of, relating to, or characterized by asocial or antisocial behavior," and antisocial as "tending to interrupt or destroy social intercourse; hostile to the well-being of society." A review of Capps's presentence report belies any claim Capps did not have a history of anti-social behavior commencing with his conviction in 1966 of disorderly conduct and interfering with police, and continuing with numerous alcohol offense convictions, convictions involving firearms, fleeing police, malicious trespass, and assault and battery with intent to commit robbery. Also, the record evidences that Capps, at age fifteen, hit an eleven year old female child with his fist. Hence, the record does not provide the factual predicate for Capps's assertion of fundamental error vis-a-vis his life sentence.

▉ Further, error is not fundamental merely because it is prejudicial. *See Stewart v. State* (1991), Ind.App., 567 N.E.2d 171, 174. For error to rise to the level of fundamental error and thus by-pass the contemporaneous objection requirement, "the error must be a substantial and blatant violation of basic principles rendering the trial unfair to the defendant." *Collins v. State* (1991), Ind., 567 N.E.2d 798, 801. Here, assuming the trial court made untrue assumptions concerning Capps's sociopathic behavior and his conduct at age 15, the heinous nature of the offense, and the sexual molestation and murder of a sixty-one year old mother of a friend, coupled with Capps's extensive criminal history, compels the opposite conclusion. In other words, this court, as a reviewing court, is convinced that the sentence would have been the same regardless of the assumed untrue assumptions.[2] Hence, fundamental error

could not have occurred because any error is harmless and consequently would not be even prejudicial.

### C.

In support of his assertion of fundamental error in the conduct of his trial counsel, Capps complains his trial counsel erroneously misadvised him "that if I was convicted in [Judge Wilson's] court that I would either get, you know, on a bench trial if I didn't take the jury trial, I'd get ten years and mental health, you know." Record at 230–31. He also claims his trial counsel failed to correct the erroneous assumptions the trial court used in imposing a life sentence, rather than a fifteen-to-twenty-five year sentence, failed to present any argument in favor of this latter sentence at his sentencing, and finally, failed to object to hearsay testimony of a witness at his trial. We address Capps's claim in our discussion of whether Capps was afforded effective assistance of appellate counsel, *infra.*

### III.

The final issue is the post-conviction court's determination that Capps was not denied effective assistance of appellate counsel. There are two components to that determination: whether appellate counsel was ineffective because he failed to assert ineffectiveness of trial counsel as an error on appeal and whether appellate counsel was ineffective because he failed to argue on appeal an error that was preserved by Capps's trial counsel.

### A.

Capps complains his trial counsel erroneously misadvised him a "that if I was convicted in [Judge Wilson's] court that I would either get, you know, on a bench trial if I didn't take the jury trial, I'd get ten years and mental health, you know." Record at 230–31. Because we determined in Issue II A, *supra,* that the question of misadvice by counsel must be addressed by

---

**2.** The post-conviction court's failure to make special findings of fact and conclusions of law on this issue does not impede our ability to review the alleged error because, in part, we review the error based upon the assumption that the facts are as Capps alleged.

the post-conviction court on remand, we do not address this aspect of Capps's ineffective trial counsel claim.

Capps also complains his trial counsel was ineffective because he failed to correct the erroneous assumptions the trial court used in imposing a life sentence, rather than a fifteen-to-twenty-five year sentence, failed to present any argument in favor of this latter sentence at Capps's sentencing, and finally, failed to object to hearsay testimony of a witness at Capps's trial. Our review of these complaints fails to reveal they have any merit; therefore, there is no merit to the claim Capps's trial counsel was ineffective based upon these complaints, and further, that his appellate counsel was ineffective for failing to argue these complaints as a basis for a claim of ineffectiveness of trial counsel on Capps's direct appeal.

We determined in Issue II B, *supra*, that trial counsel's failure to correct alleged inaccurate information at the time of Capps's sentencing could not constitute fundamental error. For the same reason, we also conclude that there is no basis for finding Capps's trial counsel ineffective based upon the alleged omission without considering whether the alleged omission constitutes deficient performance. Similarly, neither did the failure of Capps's trial counsel to argue specifically for the lesser sentence constitute ineffective assistance. Capps would have received a life sentence even if such an argument had been made.

Capps's complaint that his trial counsel was ineffective for failing to object to certain hearsay evidence is also without merit. Although the evidence in question contained incriminating information, as a matter of law,[3] the failure of Capps's counsel to object to the statement in a trial to the court was reasonable strategy. The evidence contained unique and unimpeachable evidence of Capps's mental condition immediately following the murder that was relevant to his primary defense of insanity. In addition, there was significant other admissible evidence of incriminating statements made by Capps concerning murder.

Thus Capps's counsel was in a position to weigh the minimal harm that could be occasioned by this particular incriminating hearsay evidence when it was compared with its very possible beneficial effect on his defense.

In conclusion, to the extent we review his claim of ineffective assistance of trial counsel as a basis for his claim of ineffective assistance of appellate counsel, there is no merit to Capps's claim.

**B.**

The post-conviction court also did not err in determining his appellate counsel was not ineffective because he "failed to raise and brief the defense of insanity, which had been preserved throughout the trial phase.". Appellant's Brief at 32. In particular, Capps argues appellate counsel should have raised and briefed the issue of "whether the trial court erred in finding Capps sane at the time the crime was committed." *Id.* at 33. At his post-conviction hearing appellate counsel, by affidavit, explained that it was his strategy to not present issues on appeal that the trial record did not justify. Here, the trial record contains a conflict in the evidence on the question of Capps's sanity. Conflicting evidence, raises issues of credibility, and thus, does not constitute reversible error.

The post-conviction court did not err in determining Capps's appellate counsel was not ineffective for failing to argue errors preserved by trial counsel.

The judgment of the post-conviction court denying Capps post-conviction relief is affirmed except upon his claim that his jury trial waiver was not knowing, intelligent, and voluntary. On that limited issue, the judgment is reversed and the cause remanded for further findings of fact and conclusions of law. However, this court does not retain jurisdiction.

HOFFMAN and SULLIVAN, JJ., concur.

---

3. Because this conclusion is as a matter of law, the lack of special findings of fact and conclu-

sions of law do not impede our review of the asserted error.