**Robert Lee HOLLEMAN,
Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 45A03–9308–PC–284.

Court of Appeals of Indiana,
Third District.

Oct. 17, 1994.

Transfer Denied Dec. 21, 1994.

Susan K. Carpenter, Public Defender, Kimberly J. Speer, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

*OPINION*

HOFFMAN, Judge.

Appellant-petitioner Robert Lee Holleman appeals from the denial of his petition for post-conviction relief. The facts relevant to the proceedings are summarized below.

In May 1977, Holleman was convicted of murder in the perpetration of a robbery. Holleman was sentenced to life imprisonment. Holleman's conviction was affirmed on appeal in March 1980. *Holleman v. State* (1980), 272 Ind. 534, 400 N.E.2d 123.

Holleman filed a *pro se* petition for post-conviction relief in October 1981. In October 1990, counsel for Holleman filed a first motion to amend the petition. The State filed its answer to the petition in December 1990. Counsel for Holleman then filed a series of motions to amend the petition, culminating in the correction to the third amendment in March 1992.

The post-conviction court held an evidentiary hearing on February 12, 1992. The court entered findings of fact and conclusions of law denying post-conviction relief on May 21, 1993. This appeal ensued. Other facts relevant to the issues appear below.

As consolidated, the issues for review are:

(1) whether the failure to preserve error regarding admission of Holleman's confessions denied Holleman effective assistance of counsel and his right to a fair trial;

(2) whether trial counsel's conflict of interest denied Holleman effective assistance of counsel and his right to a fair trial; and

(3) whether trial counsel was ineffective and whether appellate counsel was ineffective for failing to raise on appeal the ineffective assistance of trial counsel.

First, Holleman contends that trial counsel failed to preserve error as to the admission of his confessions. The admissibility of the confessions was raised by Holleman and determined adversely to him on direct appeal. *Holleman*, 400 N.E.2d at 125–127.

■ A petitioner bears the burden of establishing grounds for post-conviction relief by a preponderance of the evidence. *Weatherford v. State* (1993), Ind., 619 N.E.2d 915, 916. A court on review will consider only the evidence and reasonable inferences supporting the judgment of the post-conviction court. *Id.* The post-conviction court acts as the sole judge of the evidence and the credibility of the witnesses. *Id.* Accordingly, to prevail on appeal from the denial of post-conviction relief, a petitioner must demonstrate that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Id.*

■ As consistently noted, post-conviction procedures do not afford the convicted an opportunity for a "super appeal." *Id.* Instead, post-conviction remedies are reserved for subsequent collateral challenges to convictions based upon grounds enumerated in the post-conviction rules. *Id.* at 916–917. "Issues which were or could have been raised on direct appeal are not available for review in post-conviction." *Id.* at 917.

■ Thus the concepts of waiver, for failure to raise issues available, and *res judicata,* barring relitigation of issues previously adjudicated, are fully applicable to post-conviction proceedings. *Maxey v. State* (1992), Ind.App., 596 N.E.2d 908, 910–911. The grounds for relief raised in Holleman's first issue were fully litigated in his direct appeal. Review of those grounds are barred by *res judicata.*

■ Next, Holleman contends that he received ineffective assistance of trial counsel. Counsel who was appointed to represent Holleman had represented a co-defendant in the action. Counsel testified at post-conviction proceedings that he was unable to cross-examine a witness on behalf of Holleman because the witness was instrumental in establishing an alibi defense for the co-defendant which had resulted in dismissal of the charges against the co-defendant. While not every case of dual or, as here, successive representation creates a conflict of interest, any divergence of interests between the defendants requires separate counsel. *See Williams v. State* (1988), Ind.App., 529 N.E.2d 1313, 1316.

■ Holleman directs this Court to decisions in which such breaches of assistance resulted in a determination that actual prejudice would be presumed. Despite the conflict of interest and any presumed prejudice, Holleman is not entitled to relief. Because the error was not raised on direct appeal, it

is not eligible for review unless it was fundamental. *Capps v. State* (1992), Ind.App., 598 N.E.2d 574, 577. Further, error is not necessarily fundamental merely because it is prejudicial. *Id.* at 578. A fundamental error "must be a substantial and blatant violation of basic principles rendering the trial unfair to the defendant." *Id.*

 Here, as in *Capps*, any error is harmless under the circumstances, thus not fundamental. *See id.* (even if comment that defendant engaged in sociopathic behavior from age 15 was untrue, sentence under circumstances was supported by heinous nature of offense and defendant's extensive criminal record). Here, Holleman was convicted only of the crime to which he confessed. While both of his confessions admitted in court named the co-defendant as the "trigger man," Holleman's statements established that he was an accessory to the acts. *See Whittle v. State* (1989), Ind., 542 N.E.2d 981, 991 (no distinction between responsibility of principal and accomplice). The properly admitted confessions establish Holleman's guilt.

In an effort to avoid a finding of harmless error, Holleman[1] argues that the jury was instructed that it could find all or portions of the confessions incredible; accordingly, the jury may not have relied upon the confessions in reaching its determination. Then Holleman argues, trial counsel's error may have resulted in a fundamentally unfair trial. Holleman merely invites this Court to speculate that the jury did not rely on the evidence presented to render its judgment of conviction. The perimeters of review prohibit such speculation.

 Holleman also claims that trial counsel and appellate counsel were ineffective. Inasmuch as no reversible error occurred, resolution of the first two issues requires a finding that counsels' performance was not deficient. *See Capps*, 598 N.E.2d at 579 (alleged misstatement at sentencing did not constitute fundamental error, thus no basis for finding trial counsel ineffective).

 Trial counsel and appellate counsel vigorously opposed the confessions at trial

---

1. Holleman was granted permission to file a *pro se* brief in reply to the State's Brief of Appellee.

and on direct appeal. Because the confessions amply support the conviction, the failure to cross-examine the witness or raise that failure as error on direct appeal cannot form the basis for ineffective assistance of counsel under the circumstances.

There being no finding of reversible error, the judgment of the post-conviction court is affirmed.

Affirmed.

STATON and NAJAM, JJ., concur.

The argument appears in Holleman's "Supplemental Reply Brief Of Petitioner–Appellant."