**Robert Lee HOLLEMAN, Petitioner,**

v.

**Jack DUCKWORTH, and Indiana Attorney General, Respondents.**

No. 3:95CV0123 AS.

United States District Court, N.D. Indiana, South Bend Division.

May 31, 1995.

Robert Lee Holleman, Pendleton, IN, pro se.

Randall Koester, Office of Indiana Attorney General, Indianapolis, IN, for Respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On February 21, 1995, *pro se* petitioner, Robert Lee Holleman, an inmate at the Indiana Reformatory, Pendleton, Indiana, filed a petition seeking relief under 28 U.S.C. § 2254. The response filed by the respondents on May 17, 1995, demonstrates the necessary compliance with *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982). The state court record has been filed and examined pursuant to the mandates of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

This petitioner was convicted in the Lake Superior Court, Crown Point, Indiana of felony murder, and was sentenced to life therefor on June 8, 1977. The aforesaid conviction was unanimously affirmed by the Supreme Court of Indiana in 1980 in *Holleman v. State,* 272 Ind. 534, 400 N.E.2d 123. This court also notes a decision in *Holleman v. State,* 641 N.E.2d 638 (Ind.App.1994). This court is also aware of *Holleman v. Duckworth,* 700 F.2d 391 (7th Cir.1983). This court should also note the decision of this court in *Burris v. Farley,* 51 F.3d 655 (7th Cir.1995). Also of considerable moment is a recent published opinion by the Court of

Appeals of Indiana, Third District, in *Holleman v. State*, 641 N.E.2d 638 (Ind.App.1994).

It has been represented to this court by the Attorney General of Indiana that this petitioner filed two other petitions seeking relief under 28 U.S.C. § 2254 in the Southern District of Indiana which were denied. This petition seeks relief now more than 15 years later from the state criminal conviction that was unanimously affirmed by the Supreme Court of Indiana in 1980. Here again, this petitioner presents a laundry list of nine (9) issues:

   I.  whether Holleman received the effective assistance of trial counsel because of a conflict of interest of defense counsel;

   II.  whether trial court committed constitutional error by not addressing alleged conflict of interest of defense counsel;

   III.  whether Holleman received ineffective trial counsel due to reasons other than alleged conflict of interest;

   IV.  whether or not appellate counsel was ineffective for failing to challenge on appeal the alleged ineffectiveness of trial counsel;

   V.  whether or not the prosecutor engaged in misconduct so severe as to render Holleman's criminal proceedings unconstitutional (the issues presented in this claim were never brought before the state courts of Indiana).

   VI.  whether Holleman is deserving of habeas relief because of the delay in obtaining PCR review;

   VII.  whether Holleman was denied a constitutional right due to PCR counsel's ineffectiveness;

   VIII.  whether Holleman was denied his right to equal protection of the laws inasmuch as his inability to afford private PCR counsel attributed to the delay in that proceeding; and

   IX.  whether Holleman was denied a constitutional right due to his PCR counsel's alleged ineffectiveness for failing to include delay-of-PCR claim within his PCR petition.

It needs to be emphasized that this court does not sit as a trier de novo in state court criminal proceedings and does not sit as a court of general common law review. The collateral review that is envisioned by § 2254 focuses on violations of the federal Constitution. *See Bell v. Duckworth*, 861 F.2d 169 (7th Cir.1988), *cert. den.*, 489 U.S. 1088, 109 S.Ct. 1552, 103 L.Ed.2d 855 (1989). Neither does his court sit merely to determine questions of state law. *See Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), and *Kraushaar v. Flanigan*, 45 F.3d 1040 (7th Cir.1995). Certainly, those issues that have already been specifically decided by this court or by the federal Court of Appeals are binding on this petitioner and cannot be again re-litigated. Adversely, issues that could have been raised in the earlier proceedings and were not are subject to procedural default. This petitioner does not assert actual innocence. Issues one through four relate to ineffective assistance of trial counsel, issue five relates to alleged prosecutorial misconduct, and issues six through nine relate to asserted delay in post-conviction proceedings. The issue with regard to alleged conflict of interest by trial counsel comes far too late since the Supreme Court has found a specific waiver in regard thereto under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). This case was tried before the advent of *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), but even under it, this petitioner has not made a timely claim. For example, see *Ross v. Heyne*, 483 F.Supp. 798 (N.D.Ind.1980), *aff'd in part, rev'd in part and rem.* 638 F.2d 979 (7th Cir.1980).

The final argument of the prosecutor falls far short of being prosecutorial misconduct. *See United States v. Hasting*, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), In this case, any such excess is rescued by *Brecht v. Abrahamson*, 944 F.2d 1363 (7th Cir.1991), *cert. granted in part*, 504 U.S. 972, 112 S.Ct. 2937, 119 L.Ed.2d 563 (1992), *aff'd*, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), and is certainly rescued by the more recent version of harmless error found in *O'Neal v.*

*McAninch,* 513 U.S. 432, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995). This court does not conceive that the new formulation of harmless error in *O'Neal* in any way benefits this plaintiff.

This court is well aware of the teaching of *Lowe v. Duckworth,* 663 F.2d 42 (7th Cir. 1981). Any delay in the state court post-conviction proceedings are at least partially at the doorstep of this petitioner or his counsel. *See Sceifers v. Trigg,* 46 F.3d 701 (7th Cir.1995). This court is convinced that there is an abuse of the writ here as outlined in *Burris.*

This court has re-visited its memorandum and order of April 29, 1982 in *Holleman v. Duckworth,* S81–363. When one considers the decision of the Supreme Court of Indiana, the decisions of the Court of Appeals of Indiana, the decisions of the United States District Court for the Southern District of Indiana, the decision of the Court of Appeals for the Seventh Circuit, as well as the earlier decisions of this court, there is not much left for this petitioner to talk about in this case. Those decisions are all binding on this petitioner.

This court knows all too well that its function is not to legislate. It also does not live in a vacuum and is well aware of the wide variety of legislative concerns that presently exist and are reflected in a number of proposals pending in the Congress of the United States. The salient fact here is that the crime for which this petitioner was convicted in the courts of the State of Indiana occurred almost 19 years ago, and his trial in the Lake Superior Court was concluded 18 years ago. Thus far, this case has had the attention of the Supreme court of Indiana, the court of Appeals of Indiana, the Court of Appeals for the Seventh Circuit in Chicago, Illinois, the United States District for the Southern District of Indiana, and this court. The brunt of the legislative proposals has to do with a general statute of limitations with regard to state prisoner petitions under 28 U.S.C. § 2254. Another would draw a much tighter rein on the repeated advancement of the same claim in federal court. While it is not for this court to legislate, one cannot escape the suggestion that the record in this case may be a good evidentiary exhibit for some kind of reasoned and minimal control that is based on some kind of reasoned finality.

For all of these reasons, there is no basis for relief here under 28 U.S.C. § 2254. The petition is, therefore, **DISMISSED WITHOUT PREJUDICE. IT IS SO ORDERED.**