**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**LILABERDIA BATTIES**
Batties & Associates
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

FILED

Oct 30 2012, 9:11 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

KEVIN REAVES,                                  )
                                               )
    Appellant-Defendant,                       )
                                               )
       vs.                                   )     No. 49A02-1202-CR-131
                                               )
STATE OF INDIANA,                              )
                                               )
    Appellee-Plaintiff.                        )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant Hawkins, Judge
Cause No. 49G05-1109-FB-63316

**October 30, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

<u>Case Summary and Issues</u>

Kevin Reaves was found guilty of burglary, a Class B felony, and theft, a Class D felony, and he was also found to be an habitual offender. Reaves now appeals, raising two issues for our review, which we restate as: whether the evidence is sufficient to support his convictions, and whether his convictions for burglary and theft violate double jeopardy. Concluding the evidence is sufficient to support both convictions and Reaves's convictions do not violate double jeopardy, we affirm.

<u>Facts and Procedural History</u>

Steven Barker returned to his home one evening in May 2007 to find his front and back doors broken into. Various pieces of furniture were missing, including a dining room table and chairs, a couch, two chairs, an ottoman, lamps, end tables, a coffee table, televisions, and vases. On the same day, Kimberlyn Outlaw agreed to buy some used furniture from Tony Hatchett. A few hours after their conversation, Hatchett and some other men arrived, including Reaves, and moved the furniture into Outlaw's home. Outlaw paid $100.00 to Hatchett for the furniture. Police later discovered the furniture moved into Outlaw's home was the same furniture stolen from Barker's home, except that the televisions were not sold to Outlaw.

When police officers arrived at Barker's home, they determined someone had forced entry at the front and back doors. They took finger prints from the handle of a knife found lying on the floor in Barker's bedroom, and the prints were later determined to belong to Reaves. Barker testified the knife was wedged in the ceiling in his bedroom where the attic door is located, and that he wedged it there so that he could pry open the attic door when necessary. Reaves testified, however, that he believed he was in the

home to help move furniture for someone who was being evicted, and that he found the knife in the kitchen and used it to make a sandwich.

Reaves was charged with burglary as a Class B felony and theft as a Class D felony, and, after waiving his right to a jury trial, the trial court convicted Reaves of both counts. In addition, he was determined to be an habitual offender. The trial court sentenced Reaves to ten years for burglary, which it enhanced by ten years due to Reaves being an habitual offender, and to two years for theft, which it ordered to be served concurrent to his sentence for burglary. In total, Reaves was sentenced to twenty years in prison. Reaves now appeals.

<u>Discussion and Decision</u>

I. Sufficiency of the Evidence

A. Standard of Review

When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess the credibility of the witnesses. <u>Treadway v. State</u>, 924 N.E.2d 621, 639 (Ind. 2010). We look only to the evidence that supports the verdict and any reasonable inferences that can be drawn therefrom. <u>Id.</u> We will affirm the convictions so long as there is probative evidence from which a reasonable finder of fact could find the defendant guilty beyond a reasonable doubt. <u>Id.</u>

B. Reaves's Convictions

1. Burglary

Class B burglary occurs when a person "breaks and enters the [dwelling] of another person, with intent to commit a felony in it." Ind. Code § 35-43-2-1. Reaves admits he entered Barker's residence, but he argues the evidence does not establish

beyond a reasonable doubt that he broke into Barker's residence with the intent to commit a felony. We disagree.

Reaves admits he was in Barker's home when the items were stolen. Additionally, his finger prints were found inside the home, he accompanied Hatchett and the other men to Outlaw's home where most of the stolen items were sold, and signs of forced entry existed at Barker's front and rear doors. The evidence most favorable to the judgment is that Reaves and the other men stole items from Barker's home, that to gain entry the men busted open the front and back doors, and that the knife was removed from its position wedging the attic door open in Barker's bedroom, which would seem to indicate that Reaves accessed the attic while inside the home. Viewing the evidence most favorable to the trial court's verdict, a reasonable finder of fact could conclude Reaves broke into Barker's home with the intent to commit a felony, namely theft, and that he is thus guilty of burglary beyond a reasonable doubt. That Reaves has a different story of what happened is immaterial for our review. We do not reweigh the evidence or assess the credibility of witnesses.

## 2. Theft

"A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony." Ind. Code § 35-43-4-2. Assessing the evidence most favorable to the trial court's verdict, a reasonable finder of fact could conclude beyond a reasonable doubt that Reaves committed theft.

Reaves admitted to being inside Barker's home while his furniture was stolen, the front and rear doors were broken into while Barker was not home, several items of

4

furniture were taken without Barker's permission and sold for cash, Reaves was one of the men who delivered such furniture, and Reaves's fingerprints were found inside Barker's home on a knife that Barker stated was previously wedged between his ceiling and attic door. We will not reweigh the evidence or reassess the credibility of the witnesses. A reasonable finder of fact could conclude Reaves knowingly exerted unauthorized control over Barker's belongings with the intent to deprive Barker of the value of such belongings. Sufficient evidence supports Reaves's conviction for theft.

## II. Double Jeopardy[1]

### A. Standard of Review

Indiana's double jeopardy clause provides, "No person shall be put in jeopardy twice for the same offense." Ind. Const. art 1, § 14.

> [T]wo or more offenses are the "same offense" in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to <u>either</u> the statutory elements of the challenged crimes <u>or</u> the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

<u>Richardson v. State</u>, 717 N.E.2d 32, 49 (Ind. 1999) (emphases in original). A defendant must establish "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." <u>Id.</u> at 53. "In determining the facts used by the fact-finder to establish the elements of each offense, it is appropriate to consider the charging information, jury instructions, and arguments of counsel." <u>Lee v. State</u>, 892 N.E.2d 1231, 1234 (Ind. 2008).

---

[1] Reaves did not timely raise a double jeopardy objection at trial. However, our general rule that such failure to object waives an issue for appeal is not applicable where the claim is fundamental. <u>See</u> <u>Perkins v. State</u>, 541 N.E.2d 927, 929 (Ind. 1989). A double jeopardy violation is a violation of one's fundamental rights. <u>Scott v. State</u>, 855 N.E.2d 1068, 1074 (Ind. Ct. App. 2006).

## B. Reaves's Convictions

Reaves argues Indiana's Double Jeopardy Clause was violated because he was "convicted of multiple charges based on the same set [of] facts." Brief of Appellant at 13. The charging information for burglary states that Reaves "did break and enter the . . . dwelling of Steven Barker . . . with intent to commit the felony of Theft therein; that is, with intent to knowingly exert unauthorized control over the property of Steven Barker" and deprive Barker of the value or use of such property. Appellant's Appendix at 19. For theft, the charging information states that Reaves "did knowingly exert unauthorized control over the property, that is: furniture and/or television . . . with intent to deprive Steven Barker of any part of the value or use of said property[.]" Id. at 20.

In the State's closing argument, it highlighted the facts that a knife with Reaves's fingerprints was found in Barker's bedroom and had been removed from where it was previously wedged into the attic door, that Barker did not authorize anyone to take his belongings, that some of the items were taken to Outlaw's home and others, including the televisions, were never recovered, and that Reaves admitted to being inside Barker's home.

The key distinction between burglary and theft is that burglary is completed once a person breaks into a residence if the person has the intent to commit theft therein. See Ind. Code § 35-43-2-1. Theft requires the actual taking of items with the intent to deprive the owner of their use or value. See Ind. Code § 35-43-4-2. We conclude Reaves has failed to meet his burden of establishing that the evidentiary facts used to establish his conviction for burglary were likely also used to establish his conviction for theft. The evidence presented to the jury demonstrating theft included the facts that Barker's

6

residence was broken into, several belongings were stolen without his permission, and Reaves was one of the suspects responsible. In addition to the fact that Barker's home was broken into, a separate fact supports Reaves's conviction for burglary. Namely, once inside he removed a knife from the attic door in Barker's bedroom. A reasonable factfinder could conclude Reaves was searching for items to steal. This demonstrates that Reaves was not inside the home for a lawful purpose, but rather, entered the residence to commit theft.

Additionally, we point out that the State's charging information for burglary alleges that Reaves exerted unauthorized control over "the property" of Barker, Appellant's App. at 19, whereas the charging information for theft specified that Reaves exerted unauthorized control over "furniture and/or television." Id. at 20. Barker testified that in addition to various pieces of furniture and televisions being stolen, lamps and vases were also stolen. This demonstrates the jury could have concluded Reaves broke into Barker's home with intent to commit theft therein based upon the subsequent theft of vases and lamps, and concluded Reaves committed theft based on the stealing of Barker's furniture and televisions. For these reasons, we conclude Reaves has not demonstrated a double jeopardy violation occurred.

## Conclusion

Sufficient evidence was presented to convict Reaves of both burglary and theft, and his convictions do not offend double jeopardy. We therefore affirm.

Affirmed.

BAKER, J., and BRADFORD, J., concur.

7