## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 07 2018, 9:43 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Roderick Whitney,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 7, 2018

Court of Appeals Case No.
18A-CR-223

Appeal from the Marion Superior
Court

The Honorable Christina R.
Klineman, Judge

The Honorable Marshelle
Broadwell, Magistrate

Trial Court Cause No. 49G17-
1709-F6-37530

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Roderick Whitney (Whitney), appeals his conviction for resisting law enforcement, a Class A misdemeanor, Ind. Code § 35-44.1-3-1(a)(1).

We affirm.

# ISSUE

Whitney presents us with two issues on appeal, which we consolidate and restate as: Whether he validly waived his right to a jury trial on a misdemeanor charge of resisting law enforcement.

# FACTS AND PROCEDURAL HISTORY

On September 29, 2017, Officer Michael Price (Officer Price) of the Indianapolis Metropolitan Police Department responded to a call of domestic violence at an apartment in Marion County. When Officer Price arrived at the home of the putative victim, she informed Officer Price that she wanted Whitney out of the apartment. Officer Price encountered Whitney in the bedroom of the apartment and eventually handcuffed him prior to leading him out of the bedroom. Whitney became increasingly angry during this encounter. Officer Price held Whitney by his left arm as he escorted Whitney out of the apartment building. Upon reaching the exterior landing of the apartment building, Whitney forcefully jerked his shoulder away from Officer Price and turned so that he was facing the officer. Officer Price's grip on Whitney was broken. Officer Price warned Whitney that he would be forced to place

Whitney on the ground if he continued to resist. Officer Price then escorted Whitney to his police car.

[5] On September 29, 2017, the State charged Whitney with domestic battery as a Level 6 felony, domestic battery as a Class A misdemeanor, and resisting law enforcement as a Class A misdemeanor. On October 2, 2017, the trial court conducted Whitney's initial hearing. During the initial hearing, the trial court orally advised Whitney that he had a right to a trial by jury. Whitney signed a written copy of his initial hearing rights which provided in relevant part as follows:

> You have the right to a trial by jury. If you are charged with a misdemeanor and you wish to have a trial by jury, you must make a request for a jury trial at least ten (10) days prior to your trial setting. If you do not request a jury trial at least ten (10) days prior to your trial setting, you waive your right to a trial by jury. If you want a jury trial, you must make a timely request even if you do not have an attorney.

(Appellant's App. Vol. II, p. 27).[1] Whitney confirmed with the trial court that he had signed the copy of his initial rights form because he understood the rights contained in it. The trial court appointed Whitney a public defender, and the matter was set for a pre-trial conference.

---

[1] All Appendix citations are to the Public Access Appendix.

[6]     During the discovery process, Whitney's defense counsel served the putative domestic battery victim with two subpoenas, one for October 30, 2017, and another for November 13, 2017, seeking to take a recorded statement. She did not appear in response to either subpoena. On November 28, 2017, the State filed a Notice of Discovery Compliance which indicated that the 911 dispatch audio recording had been requested and would be available for review upon receipt and that a copy of the Certified CAD/Event History Detail would be forwarded to the defense upon receipt. At a November 30, 2017, pre-trial hearing, Whitney's defense counsel moved to exclude the putative victim's testimony based on the fact that she had failed to appear in response to Whitney's subpoenas. The trial court granted Whitney's motion.

[7]     The trial court then asked the State if it was planning to proceed:

> Prosecutor 1: Uh, we plan to proceed on Count Three (3), your Honor.
>
> Trial Court: Okay, and that's Resisting Law Enforcement as a Class-A misdemeanor?
>
> Prosecutor 1: Yes, your Honor.
>
> Trial Court: Do we want to set this for a [b]ench [t]rial at this time?
>
> Prosecutor 1: Uhm, I plan to offer a plea in this matter.
>
> Defense Counsel: Uhm, your Honor, we would ask to set this matter for a trial at this time.

Trial Court: Okay, so a trial rather than a pre-trial?

Defense Counsel: Uhm, your Honor, my client has informed me that he does not want to enter into the plea agreement.

Trial Court: Okay. We'll set this for January Eleventh (11th) at 8:30 a.m. Sir, are you still going to have the same school schedule next, next January, or no?

Whitney: Yes. I go to school from 9:00 a.m. to 4:00 p.m.

Trial Court: Okay, but you're going to have to be present for that date, okay?

Whitney: Okay. I will, but I'll just need an excuse. That's it. Just to show I was here.

Prosecutor 2: And is that a jury?

Trial Court: Bench trial.

Prosecutor 2: For an F6?

Trial Court: Well, I think the felony is going to be dismissed. That's my understanding. [Prosecutor 1], are you dismissing the felony and the second misdemeanor?

Prosecutor 1: I can, your Honor.

Trial Court: Count three (3) is only a misdemeanor. Is that okay? If it's not let me know.

Prosecutor 2: I think it's fine. If we need to file something, we'll file something. But, it's [Prosecutor 1]'s case, and I was wondering if we were setting it for a jury or a bench trial since the underlying matter is a felony.

Trial Court: Well, I was going to set it for a bench trial just because the motion to exclude as to the first two (2) counts.

Prosecutor 2: That's fine.

Defense Counsel: And, uhm, when [Prosecutor 1] stated that she would proceed with the third count and dismiss the first two (2), since the third count is a misdemeanor. That's why we'd like to set it for a bench trial.

Trial Court: Okay. We'll set it for January Eleventh (11th) for a [b]ench [t]rial.

(Transcript Vol. II, pp. 26-27). On December 15, 2017, the State filed a notice of supplemental discovery compliance indicating that it had provided an audio records request and CAD report to the defense, the 911 call associated with the records request and CAD report was available for review upon request, and that a tape research investigator for the Marion County Sheriff's Office may be called as a State witness.

[8] Whitney's bench trial took place on January 11, 2018. At the beginning of the trial, the State moved to dismiss the domestic battery charges, and the trial court granted the motion. The trial court found Whitney guilty of resisting law enforcement and proceeded to sentence him to time served, which amounted to

fourteen days. After trial and sentencing was concluded, the State filed a written motion to dismiss the domestic battery charges.

[9] Whitney now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[10] Whitney contends that his conviction for resisting law enforcement must be reversed because he did not validly waive his state and federal rights to a jury trial. The validity of a jury trial waiver is a question of law, which we review *de novo*. *Horton v. State*, 51 N.E.3d 1154, 1157 (Ind. 2016).

[11] A trial by jury is a fundamental principle of our criminal justice system which is guaranteed by the United States and Indiana Constitutions. *Kellems v. State*, 849 N.E.2d 1110, 1112 (Ind. 2006). A waiver of the Sixth Amendment jury trial right must be "express and intelligent." *Horton*, 51 N.E.3d at 1158 (quoting *Patton v. United States*, 281 U.S. 276, 312 (1930)). A waiver of our state constitutional jury trial right must be "knowing, voluntary[,] and intelligent." *Id*. (quoting *Perkins v. State*, 541 N.E.2d 927, 928 (Ind. 1989)).

[12] In Indiana, a defendant who is charged with a felony must personally communicate the waiver of his jury trial right to the trial court. *Id*. at 1160; *see also* Ind. Code § 35-37-1-2 ("The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. All other trials must be by jury."). A failure to confirm a defendant's jury trial waiver to a felony charge constitutes fundamental error. *Id*. Waiver of the jury trial right in a

misdemeanor case in Indiana is governed by Criminal Rule 22 which provides, in relevant part:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

[13] The gravamen of Whitney's argument on appeal is that his case remained a felony case until his January 11, 2018, trial date and that he never personally waived his jury trial right. Thus, in order to credit that argument, we would first have to determine that this matter remained a felony case until January 11, 2018.

[14] Our examination of the record does not support that conclusion. At the November 30, 2017, pre-trial hearing, Whitney's counsel was successful in having the putative domestic battery victim's testimony excluded. The State then informed the trial court and the defense that it would proceed only on the misdemeanor resisting law enforcement charge, which the trial court acknowledged. Indiana Code section 35-34-1-13 provides that a prosecutor may move the trial court to dismiss the information at any time before sentencing, either on the record or in writing, provided that the prosecutor states the reason for doing so. The trial court may not deny such a motion. *Malone v. State*, 702 N.E.2d 1102, 1103 (Ind. Ct. App. 1998), *trans. denied*.

Although the State did not explicitly move to dismiss the felony and misdemeanor domestic battery charges, its colloquy with the trial court regarding the fact that it would proceed only on the misdemeanor resisting law enforcement charge after its witness to those offenses was excluded was the functional equivalent of a motion to dismiss. Whitney's counsel then acknowledged that the State had dismissed the domestic battery charges and requested that the matter be set for a bench trial on the remaining misdemeanor resisting law enforcement charge.

[15] Whitney contends that his case remained a felony case until trial because there was no legal barrier to the State proceeding on the domestic battery charges until the State made a more explicit motion to dismiss on the record at the beginning of his trial. However, the applicable statute explicitly provides that the State may make an oral motion to dismiss, and the trial court was obligated to grant that motion. Although the State made another oral motion to dismiss at the beginning of Whitney's trial and filed a written motion to dismiss after trial and sentencing was concluded, these subsequent motions did not negate the validity of the State's actions at the November 30, 2017, pre-trial conference. Whitney's assertion that his case retained its felony case status because the State filed a discovery notice after the November 30, 2017, pre-trial conference is no more persuasive. This supplementary notice merely addressed matters which had previously been discovered by the State and did not represent a renewed effort to prosecute the felony domestic battery charge.

[16] The effect of the State's dismissal of the domestic battery charges was to render this a misdemeanor case as of November 30, 2017. Whitney was informed of the procedure for invoking his misdemeanor jury trial rights through the copy of his initial hearing rights that he confirmed to the trial court he had read, signed, and understood. Those procedures became applicable to Whitney's case as of November 30, 2017, when Whitney's counsel advised the trial court that Whitney wished to proceed with a bench trial. By January 11, 2017, which was his first scheduled trial date, Whitney had more than fifteen days' notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury. He did not invoke his right to a jury trial on the resisting law enforcement charge within ten days of his trial date, and, thus, Whitney validly waived his jury trial right.

## CONCLUSION

[17] Based on the foregoing, we conclude that Whitney validly waived his right to a jury trial on the misdemeanor charge of resisting law enforcement.

[18] Affirmed.

[19] Vaidik, C. J. and Kirsch, J. concur